In re DURRANT.

(Circuit Court, N. D. California. January 5, 1898.)

No. 12,549.

1. CONSTITUTIONAL LAW—APPEAL—STAY OF EXECUTION.

A state statute (Pen. Code Cal. §§ 1227, 1243) is not in violation of the federal constitution merely because it does not provide that an appeal from an order directing execution, made after a final judgment of conviction, shall of itself operate to stay the execution of such judgment.

**2.** APPEAL IN HABEAS CORPUS.

Under Rev. St. §§ 751, 753, 754, and under section 5 of the judiciary act of March 3, 1891, and rules 35 and 36 of the supreme court (46 Fed. iii.), promulgated May 11, 1891, the allowance of an appeal by the circuit or district court, or by some judge thereof or of the supreme court, is necessary to the perfection of an appeal; and, if an order of allowance is denied by the court, the party desiring to appeal must apply either to some of the other judges named for such allowance, or to the supreme court for a writ of mandamus in aid of its appellate jurisdiction.

**3.** DISCRETION OF COURT.

Where a judgment of conviction of murder in the first degree with sentence of death has been affirmed by a state supreme court, and an order of a federal court denying a writ of habeas corpus has afterwards been affirmed by the supreme court of the United States, it is within the discretion of a federal circuit court, on denying a subsequent application for another writ of habeas corpus, to refuse to allow an appeal to the supreme court from its order, when the only ground for the application is an alleged irregularity of the state court in fixing a date for the execution, and when the only result would be to obstruct the execution of the state laws.

This was an application by William A. Durrant for a writ of habeas corpus in behalf of W. H. T. Durrant.

E. N. Deuprey, J. H. Dickinson, and L. P. Boardman, for petitioner.

Before MORROW, Circuit Judge, and DE HAVEN, District Judge.

DE HAVEN, District Judge. This is a proceeding upon an application for the issuance of a writ of habeas corpus in behalf of W. H. T. Durrant. It sufficiently appears from the petition that prior to November 10, 1897, the said Durrant had been convicted in the superior court of the city and county of San Francisco of the crime of murder in the first degree for the killing of one Blanche Lamont, and thereupon adjudged to suffer the penalty of death, and that such judgment had been affirmed by the supreme court of this state. 48 Pac. 75. On the 10th day of November, 1897, the said superior court entered an order directing that said judgment be carried into effect by the execution of Durrant on the 12th day of the same month. On the day after the entry of this order an application was made to this court for a writ of habeas corpus on behalf of said Durrant, upon grounds not necessary to be here stated. The court, being of the opinion that, upon the facts alleged in the petition, the writ of habeas corpus ought not to be awarded, denied the application (84 Fed. 314), and thereupon there was presented to the court a petition for an order allowing an appeal to the supreme court of the United States from the judgment refusing to issue the writ applied for. The court declined to make such order, or to fix the amount of the bond to be given on appeal from its said judgment, or to approve any bond on appeal, and further directed its clerk not to file the petition for the allowance of an appeal, or the appeal bond, tendered by such petitioner. Thereafter, on the 15th day of December, 1897, the superior court of the city and county of San Francisco made a further order that the judgment above referred to, convicting the said Durrant of murder in the first degree, and adjudging that he suffer the death penalty therefor, should be carried into effect by the warden of the state's prison at San Quentin, state of California, on the 7th day of January, 1898; and that, pending the infliction of the

said death penalty, the said Durrant be kept by said warden in close confinement in said state's prison. An appeal from this last order is now pending in the supreme court of the state of California, but, as neither the judge of the superior court nor any justice of the supreme court has filed with the clerk of said superior court a certificate of probable cause for such appeal, the execution of said judgment of conviction is not stayed by such appeal.

It is claimed by the petitioner:

First. That sections 1227 and 1243 of the Penal Code of the state of California are in violation of the constitution of the United States, because they do not provide that an appeal from the order directing its execution, made after a final judgment of conviction, shall of itself operate to stay the execution of such judgment. This contention is manifestly untenable, and nothing further need be said upon that point.

Second. It is next urged by the petitioner that Durrant had an absolute right of appeal from the order of this court made on the 11th day of November, A. D. 1897, refusing to issue the writ of habeas corpus then applied for, and that he was not, and could not be, deprived of such right by the refusal of this court to allow such appeal, and that by reason of his petition for an order allowing him to appeal, and the tender of a bond on appeal, "an appeal was duly taken and perfected, and is now pending in the supreme court of the United States, from the said judgment or order of said circuit court," and further, that as the application for the writ then made to the court presented a case wherein it was shown that the said Durrant was in custody in violation of the constitution of the United States, the appeal from the order refusing to issue the writ prayed for operated as a stay of all further proceedings in the superior court of the city and county of San Francisco in the matter of carrying into execution the judgment theretofore rendered against him. In regard to this contention, it might be sufficient to say that the order of the superior court then challenged as being in violation of the constitutional rights of said Durrant ceased to have any effect after the 12th day of November, 1897, by its own limitation, and the present order directing his execution is not based upon anything contained in such prior order; but we do not propose to rest our decision solely on this ground, and we therefore proceed to consider the question whether an appeal was in fact perfected from the judgment of this court made November 11, 1897, refusing to issue the writ then prayed for on behalf of Durrant.

The question whether a petitioner in this class of cases has an absolute right of appeal, which he can perfect without any order allowing the same, is important, in view of the rule, which is well settled, that an appeal duly taken in such proceedings operates, when the petitioner is in custody under the judgment of a state court, "to stay the hands of such court while the question whether his detention was in violation of the constitution, laws, or treaties of the United States" is pending in the supreme court. In re Jugiro, 140 U. S. 291, 11 Sup. Ct. 770; McKane v. Durston, 153 U. S. 684, 14 Sup. Ct. 913; Craemer v. State of Washington (decided Oct. 25, 1897) 18 Sup. Ct. 1; In re Ebanks, 84 Fed. 311. Sections 751 and 753 of the United States Revised Stat-

utes confer upon circuit and district courts the power to issue the writ of habeas corpus in behalf of any one claiming to be restrained of his liberty in violation of the constitution of the United States or of any law or treaty of the United States, and it is the duty of each of such courts to hear any application which is properly presented to it for the issuance of such writ, and to determine whether the allegations of the petition are such as to entitle the petitioner to the relief claimed by him, and thereupon to make such order as law and justice shall require. The right to present the petition for the writ is absolute, and the duty of the court to either grant or refuse the writ is one which the court has no lawful right to refuse to discharge; and by section 754 of the United States Revised Statutes an appeal may be taken to the supreme court from the final decision of a circuit court in such a proceeding, and section 5 of the act establishing a court of appeals, approved March 3, 1891 (26 Stat. 826), also provides that an appeal may be taken from the district courts or circuit courts direct to the supreme court of the United States "in any case that involves the construction or application of the constitution of the United States," and "in any case in which the constitution or laws of a state is claimed to be in contravention of the constitution of the United States." It is under this statute that an appeal may be taken directly to the supreme court from the final judgment of a district court in a habeas corpus case, but the statute is equally applicable to appeals from the judgments of circuit courts in the same class of cases, and the supreme court of the United States, by rules 35 and 36 (46 Fed. iii.) promulgated May 11, 1891 (see 139 U. S. 705, 11 Sup. Ct. iii.), has prescribed the practice to be followed in prosecuting such an appeal. By the first of these rules, the appellant is required to file with the clerk of the court from which the appeal is to be taken his petition therefor, accompanied by a proper assignment of errors; and rule 36 provides that an appeal in such cases "may be allowed in term time or in vacation by any justice of this court or by any circuit judge within his circuit or by any district judge within his district, and the proper security to be taken and the citations signed by him," etc.

Under the practice thus prescribed, it is our opinion that an order allowing an appeal is an essential requirement, and without which no appeal can be perfected in the cases provided for in the rule just referred to; and, if an order allowing such appeal is denied by the judge of the court in which the case was heard, the appeal cannot be perfected without an order, allowing the same, made by some one of the other judges named in the rule, or unless the supreme court, by a writ of mandamus issued in aid of its appellate jurisdiction, directs the inferior court to allow the appeal. It follows from what has been said that in our opinion no appeal was taken from the order of this court made on November 11, 1897, refusing the application then made for the issuance of a writ of habeas corpus in behalf of said Durrant.

It is proper, in view of the allegations contained in the present petition, to consider the further question whether the court may in any case rightfully refuse to allow an appeal in this class of cases, or, in other words, when application is made to it for such an order, is the court clothed with authority to exercise any discretion whatever, in either

granting or refusing such appeal? It was held by the late Judge Sawyer, in the case of In re Sun Hung, 24 Fed. 723, that the right of appeal to the supreme court in habeas corpus cases is absolute, and not dependent upon the discretion of the judge of the inferior court to allow or deny. That, however, was a case clearly involving questions arising under the constitution and treaties of the United States, and in which the good faith of the proceedings was not doubted, and the proceeding itself not one in any way obstructing the execution of the criminal laws of the state. In such a case it is clear that the denial of an order allowing the appeal would be a gross abuse of discretion, and the question of the power of the court to refuse an appeal, in a case where it was clearly apparent that the process of appeal was being used solely for the purpose of obstructing the execution of the judgment of a state court, the validity of which had already been sustained by the supreme court of the United States, was not presented to or in the mind of the judge delivering that opinion. But in Ex parte Jugiro, 44 Fed. 754, it was held by the circuit court of the Southern district of New York that in a case like this the right of appeal to the supreme court of the United States is an absolute one, and that the court from which the appeal is to be taken has no discretion in the matter, and must grant the petition for an appeal. Notwithstanding our respect for the learning and ability of the judge delivering the opinion in that case, we are not able to agree with the conclusion thus reached by him. When it manifestly appears to the court that the application for the writ is entirely destitute of merit, and that the effect of allowing an appeal from its final judgment in the proceeding will only result in obstructing the execution of the laws of the state, then the court may properly refuse to enter an order giving its consent to such appeal. The case, however, must be an extreme one,—one in which it clearly appears no unsettled federal question is presented.—to justify the court in such action. In the former proceeding, in which this court refused to allow an appeal from its judgment refusing to issue the writ then applied for, it appeared from the petition that the judgment condemning the defendant to death had been affirmed by the highest court of this state, and we also took judicial notice of the fact that the supreme court of the United States, on an appeal from a prior order of this court refusing to grant the said Durrant a writ of habeas corpus, had also held that such judgment did not violate any rights guarantied to him by the constitution of the United States. Under these circumstances it certainly was within the legal discretion of the court to withhold its consent to an appeal, the only effect of which would have been to obstruct the execution of the criminal laws of the state, and bring the administration of justice into contempt.

We have given careful consideration to the questions presented by this petition, and have reached the conclusion that the facts alleged therein are not sufficient to justify the court in awarding the writ of habeas corpus applied for. Application for issuance of writ denied.

Mr. Deuprey: If your honors please, seeing that there is a difference of opinion between your honors and the supreme court as presented in the Jugiro Case, we are certainly in a position to ask your

honors, on merit, to allow us an order upon our petition for an appeal. We have the assignments of errors properly presented and carefully made up, so far as the law demands; and where this serious question—not involved in this case alone, but the liberties of every citizen of the United States—is concerned, I ask your honors to pause and consider our application as one based on merit, and not upon any frivolous ground. I now present our petition and file our assignment of errors.

Judge Morrow: Mr. Deuprey, you are in error. There is no difference of opinion between this court in this case and the supreme court of the United States in the Jugiro Case.

Mr. Deuprey: I so understood the decision, as read by his honor, Judge De Haven.

Judge Morrow: The case referred to by Judge De Haven is the one decided by Circuit Judge Lacombe in New York, reported in 44 Fed. There is no conflict or difference of opinion between this court and the supreme court of the United States. The question whether an appeal is an absolute right appears to have been decided in the affirmative by the circuit judge in New York. We do not follow that opinion in this case.

Mr. Deuprey: I file my assignment of errors, and present my petition for an order allowing an appeal.

Judge Morrow: In view of the opinion expressed by this court, as rendered by Judge De Haven, the petition will be denied.

Mr. Deuprey: May I have it in the form I have presented here, and allow it to be according to your honors' ideas?

Judge Morrow: You are entitled to your exception, but we make no further order.

Mr. Deuprey: Do not your honors make a specific order dismissing the application?

Judge Morrow: We do not propose to make the order in the form in which you present it. We deny the petition.

Mr. Deuprey: That is, upon the application for an order allowing an appeal?

Judge Morrow: Yes.

Mr. Deuprey: I have a citation which I desire to submit to your honors, directed to the warden of the state's prison, Marin county, state of California, which I ask to have issued pending the pendency of the appeal which we will take to the supreme court of the United States.

Judge Morrow: In view of what we have already said in the matter, we will not issue the citation.

Mr. Deuprey: We will take an exception. Also, at this time we offer our bond upon appeal.

Judge Morrow: For the same reason the bond will not be approved.