### In re STORTI.

(Circuit Court, D. Massachusetts. May 24, 1901.)

No. 1,122A.

1. FEDERAL COURTS—HABEAS CORPUS—JURISDICTION.

   To give a circuit court of the United States jurisdiction to grant a writ of habeas corpus under the provision of Rev. St. § 753, that the writ "shall in no case extend to a prisoner in jail unless he * * * is in custody in violation of the constitution or of a law or treaty of the United States," it is not sufficient for the petition to allege generally that the petitioner is held in violation of the constitution or a law or treaty, but it must also set out the specific facts on which such allegation is based, which must be sufficient to sustain it if proved.[1]

2. CONSTITUTIONAL LAW—DUE PROCESS OF LAW.

   Ordinarily, the provision of the fourteenth constitutional amendment, relating to due process of law, does not apply where the legislature of a state has performed its duty by providing for proceedings which answer the constitutional requirement, and where the fault is either with the courts or officers.

3. SAME.

   Following Durrant's Case (C. C.) 84 Fed. 317, an appeal was denied.

Petition for Writ of Habeas Corpus.

W. M. Stockbridge and G. Philip Wardner, for petitioner.

A. W. De Goosh, Asst. Atty. Gen., for commonwealth of Massachusetts.

Before PUTNAM, Circuit Judge, and LOWELL, District Judge.

PUTNAM, Circuit Judge (orally). This is an application for writ of habeas corpus in behalf of a subject of the king of Italy, who is in jail in this commonwealth as the result of a judgment and sentence of the state courts of Massachusetts finding him guilty of murder, and directing his electrocution. A petition in behalf of the same person, or by the same person, was filed a few days ago and denied, and an appeal was allowed to the supreme court, and that appeal is now pending there.

So far as we can discover, all the reasons which are stated in the line of cases closing with Minnesota v. Brundage, 180 U. S. 499, 21 Sup. Ct. 455, 45 L. Ed. 639, apply here; and, so far as we can discover, the interference of this court would be simply an interference with the ordinary course of justice in the state courts, contrary to the frequent decisions of the supreme court that the inferior courts of the United States should not thus interfere. So far as we can

---

[1] Jurisdiction of federal courts in habeas corpus proceedings, see note to In re Huse, 25 C. C. A. 4.

discover, the petitioner has had, and now has, all the rights and privileges in the state courts, with the assurance of every protection, as fully as he could ask for any rights or privileges or for protection here. Nevertheless, as Minnesota v. Brundage may come before the supreme court for application to the peculiar circumstances of this case on the appeal that is now pending, we prefer not to rest our judgment on that case. Therefore we are compelled to look at the petition, and at the statute which governs.

In King's Case, 12 C. C. A. 145, 64 Fed. 331, the question was settled, so far as the courts in this circuit can settle it, that a writ of habeas corpus may issue, based upon that provision of the constitution which vests the federal courts with power over controversies between citizens of different states, and between aliens and citizens of the several states. Down to the time of King's Case, that proposition had never been ruled on; and it was contended that a writ of habeas corpus would not issue from the federal courts, at least from the circuit court, except as incidental to the exercise of its jurisdiction. In King's Case the court declined to take jurisdiction on the ground that, although there was diverse citizenship, it appeared that the person in whose behalf the writ was asked for was an inmate of an insane asylum. The federal courts have no power to dispose of insane persons or persons afflicted with contagious diseases, and, therefore, if they should discharge such persons on writs of habeas corpus, they would have no power to dispose properly of them, and could only turn them into the street; and so the court declined to interfere in King's Case. Also, in the present case, although, on the face of the record, so far as citizenship is concerned, we have jurisdiction, yet we are met by a statute of a prohibitory character, which provides expressly that "the writ of habeas corpus shall in no case extend to a prisoner in jail, unless" (stating various grounds which do not apply here) he "is in custody in violation of the constitution, or of a law or treaty of the United States."

Now, this petition is very general in its allegations. It is not enough, in order to require this court to issue a writ of habeas corpus, that the petition alleges that the prisoner is held in violation of the constitution of the United States, or of a treaty with a foreign nation, as was said in King's Case. That is a mere formal allegation, covering conclusions of law as well as of fact; so it is necessary to look elsewhere in the petition for specific allegations raising an issue. In King's Case there was a general allegation that King was detained in violation of the constitution of the United States, but there was no specification of the facts on which that allegation was based, or from which it could be deduced; and the court declined to consider the petition on that ground, and therefore it was forced to investigate the question of diverse citizenship, to which we have referred already. In the present case the allegations of the petition are not very full in this particular, but still they are sufficient, together with the exhibits annexed to the petition, to enable us to determine whether or not there is anything in the petition which brings the case within the section of the Revised Statutes from which

we have read; that is, whether or not there is enough to support the allegation that the petitioner is in custody in violation of the constitution or of a law or treaty of the United States. Admitting that he is in jail, and in jail under some authority of somebody representing the state of Massachusetts, we cannot issue the writ unless we find, on the face of the petition, something which meets the express provision of the section which we have read. That question lies at the very threshold of our proceeding. It is a settled rule that a federal court must take cognizance of the question of jurisdiction; and, where it is clear that it has no jurisdiction, it must dismiss the case, even if the suggestion is not made by the parties concerned. Therefore, before calling on the commonwealth to reply to this petition, we required counsel to explain on what ground they base their claim of jurisdiction.

The first ground stated by them is the fourteenth amendment,— that part of it which relates to due process; but the case shows, beyond all question, that the legislature of Massachusetts has done its duty, and the only claim brought to our attention by the petition is that some one—the attorney general, the warden of the state prison, or somebody else—is not going to do his duty. Now, beginning with the case of Arrowsmith v. Harmoning, 118 U. S. 194, 6 Sup. Ct. 1023, 30 L. Ed. 243, and following down through a long line of cases, and also through a line of parallel cases raising the same question, but in different forms, it is held that the fourteenth amendment does not apply where the legislature has done its duty, and where the fault is incidental, either with the courts or with officials. Therefore, so far as the fourteenth amendment is concerned, it is clear that we have no jurisdiction.

We come now to the allegations based on the treaty with the king of Italy. One is a provision guarantying the subjects of the king of Italy all the same privileges and rights in legal proceedings which are enjoyed by the natives of the country. We have utterly failed to hear anything which amounts even to a suggestion of any discrimination with reference to that article of the treaty. So far as the twenty-third article is concerned, we decline to take jurisdiction, because we are satisfied that the question has already been before this court on a previous petition, and is now pending in the supreme court on appeal. It would be a matter of great presumption on our part to undertake to revise that question, when it is already before the supreme court even if we had any jurisdiction in reference thereto. While we have our views about it, we are not entitled to express any opinion in regard to the twenty-third article of the treaty.

Counsel may file their petition for appeal, which we will deny, because we consider the appeal frivolous. We will follow the circuit court for the Ninth circuit in Durrant's Case (C. C.) 84 Fed. 317, 322. We agree that we would better deny the appeal now, because that gives counsel an opportunity to seasonably reach the supreme court or some justice thereof, or to file a petition in the state courts for a writ of habeas corpus.

We will announce informally that no future applications will be allowed to be filed in this court in this matter without leave, and no

order of notice will issue without at least a prima facie showing to some judge. Whether or not we will adopt that practice generally with reference to this class of applications, we have not determined; but, so far as this petition is concerned, we reserve the right to direct the clerk to receive no petition for writs of habeas corpus until application has been made to some judge for leave to file it; and also we now notify counsel that no new order of notice will issue as of course, and that we reserve the right to determine, in the first instance, whether we will allow such orders of notice to issue. At the request of petitioner's counsel, although probably not necessary to do so, we expressly reserve to them a right to apply to the state courts.

Petition denied for want of jurisdiction, without prejudice as to applications for writs of habeas corpus to the state courts.

MEM. The appeal from the order denying the above petition was afterwards allowed by Mr. Justice GRAY.