[Crim. No. 1241. In Bank.—April 8, 1905.]

In Re LEE LOOK, on Habeas Corpus.

CRIMINAL LAW—HABEAS CORPUS—FEDERAL COURT—APPEAL — CUSTODY OF PRISONER—JURISDICTION.—Where a defendant convicted of murder in the superior court applied to the circuit court of the United States for discharge upon writ of *habeas corpus* upon alleged constitutional grounds, upon the denial of which he was committed to the custody of the warden of the state prison, subsequently to which an appeal was allowed to the supreme court of the United States, it is the province of that court in whose custody the prisoner is, in contemplation of law, to dispose of his custody pending the appeal; and this court will not assume, upon *habeas corpus,* to restore the defendant to the custody of the sheriff of the superior court pending such appeal.

PETITION for Writ of Habeas Corpus to the Warden of the State Prison at San Quentin.

The facts are stated in the opinion of the court.

A. H. Jarman, for Petitioner.

James H. Campbell, District Attorney of Santa Clara County, for Warden, Respondent.

LORIGAN, J.—The petitioner, Lee Look, having been convicted of murder in the superior court of Santa Clara County and sentenced to death, appealed to this court from the judgment, which was affirmed.

The date originally fixed for his execution having passed pending his appeal, upon the affirmance of the judgment, he was again brought before said superior court, and on December 23, 1904, an order was made by said court directing his execution on March 3, 1905, and further directing that the sheriff of Santa Clara County, in whose custody he then was, deliver him to the warden of the state prison at San Quentin to be executed.

On December 24, 1904, petitioner applied to the district court of the United States for a writ of *habeas corpus* to be discharged from the custody of said sheriff, challenging, on constitutional grounds, the validity of the judgment of conviction against him upon which the order for his execution was based. This petition was denied. Having immediately filed an assignment of errors and tendered a sufficient bond on appeal, he applied to the same court, and subsequently to the circuit court of the United States, for an order allowing him an appeal to the supreme court of the United States from the judgment of said district court denying his petition for the writ, which application both courts denied.

Thereafter he applied to the Honorable Joseph McKenna, associate justice of the supreme court of the United States, for the allowance of such an appeal from the said judgment of the United States district court, which on February 2, 1905, was granted, and a citation issued directed to the sheriff to show cause before the supreme court of the United States at a date subsequent to that fixed by the order for execution by the superior court of Santa Clara County. This matter

is still pending before said supreme court of the United States.

Intermediate the time between the denial by the United States district court of petitioner's application for a writ of *habeas corpus* and the allowance of an appeal therefrom by the said justice of the supreme court of the United States, and on December 29, 1904, the sheriff of Santa Clara County delivered the petitioner, pursuant to the said order of the superior court of said county of December 23, 1904, to the warden of the state prison at San Quentin, in whose custody he has ever since remained.

By this proceeding the petitioner now seeks to obtain an order from this court directing that he be returned by the warden of the said state prison to the custody of the sheriff of Santa Clara County, to be by the latter retained until the disposition of petitioner's application by the supreme court of the United States.

In this behalf his counsel insists that the proceedings in the district and circuit courts of the United States—his petition for a writ of *habeas corpus* and applications for the allowance of an appeal—had the effect, under section 766 of the Revised Statutes of the United States (U. S. Comp. Stats. 1901, p. 597), of staying the hands of the state court and its officers in the exercise of any authority, or the enforcement of any process relative to the custody of petitioner, pending proceedings in the courts of the Union raising the question as to the validity of his detention; that while assuming to do so, the district and circuit courts had no authority to refuse to allow his appeal; that he was entitled to take such appeal to the supreme court of the United States from the judgment of the district court denying his application for a writ as an absolute matter of right, and that the proceedings on *habeas corpus* originally inaugurated in said district court and the allowance of the appeal by the supreme court of the United States was one proceeding which, under the section of the revised statutes, precluded in the interim any change in the custody of the petitioner, and rendered his transfer from the sheriff to the warden unauthorized and void.

On the other hand, it is claimed by the respondent—warden—that an appeal from the judgment of the United States district court denying the writ of *habeas corpus* was not a matter of absolute right, but a matter of discretion in the

district or circuit court to grant or refuse it, and that after the application of petitioner for a right of appeal was denied by these courts and before an application was made to the supreme court of the United States, there was no proceeding pending in the federal courts which could affect the custody of petitioner or restrain his delivery by the sheriff to the warden under the order of the superior court, and hence that he is lawfully in the custody of the latter.

These are the claims of the parties, and authorities are cited on both sides which, it is claimed, support their respective positions. If, as contended by petitioner, the authorities cited by him sustain his claim that he had an absolute right of appeal from the judgment of the district court denying his petition for a writ of *habeas corpus,* still, on the other side, there are the decisions of a district court and circuit court, in this same matter, holding that the grant of a right of appeal is discretionary only, and this view seems to find some support in the cases of *In re Durant,* 84 Fed. 317, and *In re Storti,* 109 Fed. 807. But, whatever the weight of authority upon this point may be, it is quite apparent from the situation thus presented that we are asked in this proceeding to dispose of a question which is purely federal, to examine and construe the decisions of the federal courts which have been cited by either side as in point, and to place a construction upon federal laws and federal procedure. This is, however, a matter which is properly within the province of the federal courts and should always be committed to them. If it is available to the petitioner to invoke the aid of those tribunals to the extent that he seeks it here, it is before them that his application should be made and disposed of, and not before us.

It is the federal rule that pending the proceedings on *habeas corpus* the custody of the petitioner is to be taken to be in the court or judge who issued the writ. (2 Foster on Federal Practice, p. 845.)

This being true, and the petitioner being in contemplation of law under the control of the supreme court of the United States, any matter pertaining to his actual custody should be left to the jurisdiction of that federal tribunal. The proceedings there being in *habeas corpus,* as here, all matters ancillary to the jurisdiction of that court should be left to it. The supreme court of the United States having this complete

control of petitioner under its writ, there is nothing that this court might do with reference to his actual custody which would be binding on that court. No judgment which we might render would control, and it would be not only idle but inconsonant with the dignity of this tribunal to assume to act where its determination might be so entirely futile.

If the surrender of the petitioner by the sheriff to the warden was in violation of the federal laws, the federal tribunals, in the exercise of their jurisdiction, and in protection of the rights of the petitioner, have ample power to take all measures which may be necessary in his behalf. He can, under such proceedings as are authorized by the federal laws or procedure, invoke the jurisdiction of the federal court under whose process he is now held, and its determination of the matter will have that efficiency which our decision might not.

As every right can be secured to him by invoking the jurisdiction of the court under whose process he is held, we see no occasion for our intervention in the matter.

The petitioner is therefore remanded to the custody of the warden.

Shaw, J., Henshaw, J., Angellotti, J., Van Dyke, J., and Beatty, C. J., concurred.