[Civ. No. 1089. Third Appellate District.—June 7, 1913.]

U. L. GARNER et al., Respondents, v. FRANK MEIZEL, Appellant.

APPEAL—TIME FOR REQUESTING TRANSCRIPT—SECTION 953a OF CODE OF CIVIL PROCEDURE.—None of the proceedings prescribed in section 953a of the Code of Civil Procedure, providing for the preparation of papers on appeal, are jurisdictional, and an appeal will not be dismissed because the notice requesting the transcript was not made within the ten days mentioned in the section.

ID.—NOTICE OF APPEAL—WHEN INSUFFICIENT—DISMISSAL OF APPEAL.— A notice of desire and intention to appeal in a request for a transcript, given under section 953a of the Code of Civil Procedure, is not sufficient as a notice of appeal, and the appeal will be dismissed if no other notice is given.

APPEAL from a judgment of the Superior Court of Plumas County. J. O. Moncur, Judge.

The facts are stated in the opinion of the court.

M. C. Kerr, and Louis P. Boardman, for Appellant.

L. N. Peter, and James A. Nutting, for Respondents.

CHIPMAN, P. J.—The cause was tried by the court without a jury and plaintiff had judgment. The judgment was entered on November 18, 1912, and, on the same day, at the request of attorney for defendant, the court ordered: "That a stay of execution be granted and that 30 days be granted for perfecting an appeal." It further appears that thereafter, to wit, on the sixth day of December, 1912, defendant filed with the clerk of the said court a notice stating that defendant "desired and intended to appeal from the judgment of the said court in the said matter, and requesting a transcript of the testimony offered or taken, . . . as provided by section 953a of the Code of Civil Procedure of the state of California be prepared." The court made the requested order on December 12, 1912, and the reporter's transcript was filed with the clerk and presented to the judge of said court for approval and settlement. Plaintiff's attorneys ob-

jected to the settlement of the transcript on the ground that the notice requesting the transcript was not made within the ten days' time mentioned in section 953a of the Code of Civil Procedure, and the court had no authority to extend the time; and on the further ground that no undertaking was filed as required by section 953b of the Code of Civil Procedure. The court overruled the objections and approved and settled the transcript. The objections seem to have been made on the assumption that the time mentioned in section 953a is jurisdictional and cannot be extended.

In denying a petition for a hearing in the supreme court, in *Smith* v. *Jaccard,* 20 Cal. App. 280, 287, [128 Pac. 1023, 1026], after judgment in the district court of appeal, the court said: "Section 953a does not provide at all for a notice of appeal. The purpose of that section, in connection with sections 953b and 953c, is to provide a method of preparing the record or transcript to be filed in the proper appellate court in support of the appeal. None of the proceedings there prescribed are jurisdictional to the appeal." The court further held that when properly taken, either by the old or alternative method, "the court to which it is taken has jurisdiction of the appeal, even if no transcript on appeal is ever filed in support of it. It may dismiss such appeal for delay in filing the transcript. But such a dismissal will be a dismissal for want of diligence in prosecuting it, and not a dismissal for lack of jurisdiction of the appeal." The transcript is here and is certified by the court. The appeal cannot be dismissed on the grounds urged.

There is, however, no notice of appeal in the record or among the papers sent up to this court. Apparently, defendant deemed the notice of his desire and intention to appeal, given under section 953a, as sufficient. But if so, he was in error. In *Boling* v. *Alton,* 162 Cal. 297, [122 Pac. 461], it was held that section 953a "merely provides a substitute for a bill of exceptions. It does not purport to authorize an appeal, or prescribe how it may be taken." Section 941b provides that any person having a right to appeal, may appeal from any judgment, order or decree of the court, "by filing with the clerk of the court . . . a notice . . . which said notice shall state that the person giving the same does thereby appeal . . . from the judgment . . .; and the said

22 Cal. App.—17

notice must identify the said judgment . . . with reasonable certainty.'' It was further said, in the case last cited: ''We do not think that a notice which is a literal and proper compliance with section 953a, and which merely initiates the statutory proceeding there prescribed for making up the record, should be turned by construction into a notice' of appeal and held to be good as such, under a section with which it does not comply.''

It need hardly be added that defendant having served no notice of appeal this court is without jurisdiction. (*Beets* v. *Chart*, 79 Cal. 185, [21 Pac. 730] ; *Lent* v. *California Fruit Growers' Assoc.*, 161 Cal. 719, [121 Pac. 1002].)

The appeal must, therefore, be dismissed, and it is so ordered.

Burnett, J. and Hart, J., concurred.