[Civ. No. 1412.   Third Appellate District.—October 1, 1915.]

L. H. HUGHES, Petitioner, v. J. O. MONCUR, Judge of the Superior Court of Plumas County, Respondent.

DIVORCE—CUSTODY OF CHILDREN—MODIFICATION OF ORDER—NOTICE OF INTENTION TO APPEAL—HABEAS CORPUS.—The filing of a notice of intention to appeal from an order made in an action for divorce modifying a previous order relating to the custody of the children of the marriage, is ineffectual for any purpose; and where between the time of such filing and the time of the filing of a notice of appeal, *habeas corpus* proceedings are instituted, such orders are superseded until such proceedings are finally determined.

ID.—CONTEMPT OF COURT—DISOBEDIENCE TO ORDER—ADVICE BY ATTORNEY TO CLIENT—MISTAKEN OPINION AS TO EFFECT OF APPEAL.—An attorney at law who advises and assists his client to refuse to comply with the terms of such a modified order under the belief that the appeal taken therefrom stayed all further proceedings affecting the custody pending the appeal, is guilty of contempt of court.

ID.—SUFFICIENCY OF AFFIDAVIT—LIBERAL CONSTRUCTION.—Where in a proceeding for such a contempt, the accused appears in person and is given full opportunity to be heard and interposes no objection to the sufficiency of the affidavit upon which the proceeding is based, such affidavit should be given a liberal construction.

ID.—HEARING OF PROCEEDING—JUDGE NOT DISQUALIFIED.—A judge to whom is presented an affidavit showing contemptuous conduct toward his court is not disqualified, under section 170 of the Code of Civil Procedure, to hear and determine the proceeding.

APPLICATION for a Writ of Review originally made to the District Court of Appeal for the Third Appellate District to review an order of the Superior Court of Plumas County adjudging petitioner guilty of contempt of court.

The facts are stated in the opinion of the court.

L. H. Hughes, and H. B. Wolfe, for Petitioner.

J. O. Moncur, for Respondent.

CHIPMAN, P. J.—This is an application for a writ of review to inquire into the legality of a certain order by respondent adjudging petitioner guilty of contempt and by way of punishment imposing a fine in the sum of one hundred dollars and, in default of payment, to be imprisoned in the county jail until said fine is paid, not to exceed one day for each twenty dollars of said fine. The alleged contempt, as appears from the petition and return thereto, grew out of an action for divorce in which a final decree in favor of plaintiff, Emma D. Clise, against Don M. Clise, was entered, on November 2, 1914, and giving the custody of the two minor children to the plaintiff, Mrs. Clise. Subsequently she became Emma D. Storie, presumably by marriage with L. W. Storie.

On May 24, 1915, Don M. Clise made application for an order modifying the order of November 2, 1914, and praying for an order granting him custody of said children during a portion of the time, to be fixed by the court. On June 4, 1915, the court made an order so modifying the order of November 2, 1914, allowing Don M. Clise the custody of the children from June 1 to August 15 of each year.

On June 5, 1915, L. H. Hughes, petitioner here, attorney for plaintiff in the action for divorce, filed in that action a notice stating that it was the intention of plaintiff to appeal to the district court of appeal from the said order of the court made on June 4, 1915; and, on June 7, 1915, he filed a notice of appeal from said order, under section 941b of the Code of Civil Procedure.

On June 9, 1915, Mrs. F. A. Clise, mother of Don M. Clise, instituted a proceeding entitled—"In the Matter of the Application of Frederick A. Clise for a Writ of *Habeas Corpus* on behalf of Thelma Clise and Donald Clise"—the minor chil-

dren mentioned in said order of November 2, 1914. This was a duly verified application to the court for a writ to bring the said children before the court and praying that a warrant of attachment issue to compel said Emma D. Storie (formerly Emma D. Clise) to answer for contempt and that a citation issue directing her to show cause why an order should not be made requiring the sheriff of said county to deliver the said minor children to affiant for the purpose stated in said order of June 4, 1915. In her affidavit the applicant set forth the divorce proceedings and the said order of November 2, 1914, and the modifying order of June 4, 1915, and stated: "that the said Emma D. Clise did, upon the 4th day of June, 1915, and after said order was made notwithstanding the same, refuse to surrender to the said Don M. Clise the custody of said minor children"; that thereupon, on June 5, 1915, upon the application of Frederick A. Clise, the court caused to be issued a writ of *habeas corpus* directed to said Emma D. Storie and L. W. Storie commanding them to bring the bodies of said minor children into court on June 7, 1915, and show the cause of their detention; that, in obedience to said writ, the said minor children were produced and upon the hearing the court made its order that the said Emma D. and L. W. Storie "deliver to affiant for Don M. Clise the said Thelma Clise and Donald Clise and that said children be by said affiant delivered into the custody of said Don M. Clise at Oakland, California. And on the request of said Emma D. Storie, it was further ordered that the said Emma and L. W. Storie be allowed until Tuesday, June 8, 1915, at 6 o'clock P. M. to prepare the said children for said trip." It is then stated that affiant called upon Mrs. Storie, on the day and at the hour above named, to receive said children but was by her told that "L. H. Hughes had taken them for a ride and that affiant would not be allowed to take the said children anyway"; and alleged that, on the eighth day of June, 1915, and prior to 6 o'clock of that day, affiant saw the said L. H. Hughes take the said children from the said residence of said Emma D. Storie in an automobile and drive with them away from the said residence and as affiant is informed and believes the said L. H. Hughes took the said children and kept them away from the town of Quincy at the request and with the consent of said Emma D. Storie for the express purpose of preventing affiant from getting the said children at the

time fixed by the court as aforesaid for the purposes stated in said last mentioned order and for the purpose of violating said order and defeating the objects intended to be accomplished thereby. And affiant is also informed and believes that the said acts of said L. H. Hughes were with the knowledge and consent and at the request of said Emma D. Storie. That by reason of the aforesaid acts of said Emma D. Storie and said L. H. Hughes, affiant "was prevented from getting the said children for the purposes stated in said order." It is then stated that, on the morning of June 9, 1915, at about 10 o'clock, affiant again called at the residence of the said Emma and again demanded possession of said children but was refused and was told by the said Emma that the said Hughes had advised her not to surrender the said children.

It appears that, on June 10, 1915, the application of Mrs. Clise came on to be heard, L. H. Hughes appearing for the defendant and L. N. Peter for the applicant. Attorney Hughes testified that he was the attorney for plaintiff in the action for divorce and was still her attorney; he called attention to the appeal taken from the order of June 4, 1915, and stated that he had advised his client that it stayed further proceedings in that matter and that it was upon his advice that she had refused to surrender possession of the children. Continuing his testimony, he said: "I will state furthermore that my purpose in taking the children away from the residence of Mrs. Storie on the evening of June 8th was for the purpose of making it impossible to have the children for Mrs. F. A. Clise, and I took them before the hour of 6 o'clock and kept them away from the residence of Mrs. Storie until after the hour of 6 o'clock for about sixty minutes after 6 o'clock for that purpose, and that there was no arrangement between myself and Mrs. Storie as to the taking of them, it was done entirely on my own initiative and done for the purpose stated. . . . Q. You took the children for the express purpose of making it impossible for Mrs. F. A. Clise to get them for the purpose of delivering them to Don M. Clise? A. Absolutely that and no other purpose." He testified further that he was in court during the proceedings of June 7, 1915, when the order was made, "up to and including and until after the court made its order."

At the close of the hearing the court made an order adjudging Mrs. Emma D. Storie guilty of contempt, "the penalty

of the same to be taken under advisement by the court''; and
further ordered that a citation be issued for L. H. Hughes to
appear in court, Saturday, June 12, 1915, at 10 o'clock A. M.,
''to show cause, if any he has, why he should not be adjudged
guilty of contempt,'' and further ordering that said children
be delivered to the custody of the sheriff for delivery to Mrs.
F. A. Clise. On June 11, 1915, the court issued a citation
to Hughes to show cause, on June 12, 1915, why he should not
be punished for contempt in disobeying the order of the court
of June 7, 1915. No proceedings were taken under this cita-
tion. On July 29, 1915, the court made an order (dated and
filed July 30) reciting that it appeared from the affidavit of
Mrs. F. A. Clise, filed on the ninth day of June, 1915, in the
matter of the application for a writ of *habeas corpus* on be-
half of said minor children, and that it also appeared from
the testimony of L. H. Hughes at the hearing of said motion,
on June 10, 1915, that said Hughes had willfully disobeyed
the order of the court entered on June 7, 1915, of which said
order said Hughes had knowledge when made; ''Now there-
fore it is ordered that said L. H. Hughes be and appear,''
etc., on August 5, 1915, to show cause why he should not be
adjudged guilty of contempt of court. On the same day, July
30, 1915 (the copy in the return says July 20, but obviously
a clerical error), the court issued a citation to Hughes to
appear and show cause why he should not be punished for
contempt of court. In the citation he is referred to his tes-
timony of June 10, 1915, also to the affidavit of Mrs. F. A.
Clise filed on June 9, 1915, and to the order to show cause
filed on July 30, 1915, ''copies of which said affidavit and
said order to show cause are to be served upon you with this
citation.'' On August 7, 1915, the matter came on to be
heard, the accused appearing in person and by attorney. On
that day the court made its order (filed on August 9) in
which it is recited that the matter was regularly heard ''upon
the affidavit of Mrs. F. A. Clise, filed herein on June 7th,
1915, and upon the testimony of L. H. Hughes, a duly certi-
fied transcript of which was filed herein on the 30th day of
July, 1915, from which said affidavit and said testimony it
appeared to the court that L. H. Hughes had violated a cer-
tain order and decree entitled in the above-entitled matter,
made in open court on the 9th day of June, 1915.'' The order
states that oral and documentary evidence was received and

further sets forth most of the facts stated in the affidavit and finds "that each and all of the facts, matters, charges and things stated and specified in the affidavit hereinbefore set forth and referred to in the affidavit of Mrs. F. A. Clise . . . are true and correct as therein stated"; and as conclusions of law the court found that "by reason of the acts and conduct of said L. H. Hughes in said affidavit and in said testimony alleged and stated, he is hereby adjudged guilty of contempt of this court," and then follows the punishment imposed as heretofore stated.

In support of the writ it is contended: 1. That the appeal stayed further proceedings upon the order of June 4, 1915, and petitioner was justified in advising his client not to surrender custody of the children pending the appeal; 2. That the alleged contempt was not committed in the presence of the court and no affidavit of facts constituting the contempt was presented to the court as required by section 1211 of the Code of Civil Procedure, which reads as follows: "When a contempt is not committed in the immediate view and presence of the court or judge at chambers, an affidavit shall be presented to the court, or judge, of the facts constituting the contempt, or a statement of facts by the referee or arbitrators or other judicial officer." 3. It is also contended that the judge who tried the contempt was disqualified.

1. The notice of intention to appeal, filed on June 5, by attorney Hughes for the plaintiff in the divorce proceeding, was ineffectual for any purpose. (*Garner* v. *Meizel,* 22 Cal. App. 256, [133 Pac. 1165]; *Boling* v. *Alton,* 162 Cal. 297, [122 Pac. 46].) When the notice of appeal was filed, on June 7, the order to appear and show cause in the *habeas corpus* proceeding brought by Frederick A. Clise had already been made. This proceeding was entirely independent of the action for divorce and independent of the order made in that action and of the order made June 4 and in effect superseded all previous orders on the subject of the custody of these children. The court had jurisdiction to enquire into the question as to whom custody should then be given. Thenceforward the court had control and direction upon this question until finally disposed of, which was effected by its order of June 7. (*In re Lee Look,* 146 Cal. 567, [80 Pac. 858]; *Barth* v. *Clise,* 79 U. S. (12 Wall.) 400, [20 L. Ed. 393]; *Willis* v. *Willis,* 165 Ind. 332, [6 Ann. Cas. 772, 2 L. R. A. (N. S.) 244, 75 N. E.

655]; see, also, in this same matter, 20 Cal. App. Dec., Minutes of June 28, 1915, remanding the custody of these children to Don M. Clise.)

The Clise affidavit was entitled—"In the Matter of the Application of Frederick A. Clise for a Writ of *Habeas Corpus* on behalf of Thelma Clise and Donald Clise," and as part of the caption, it states—"Affidavit charging contempt and disobedience to order of court." So far as the title expresses the character of the proceedings the court was as free to act upon it as a basis for contempt against Attorney Hughes as against Mrs. Storie. It is true that in her prayer Mrs. Clise asked for a warrant of attachment against Mrs. Storie "to answer for contempt of said court," but we do not think the court was precluded from acting upon it against Hughes simply because affiant asked for a warrant against Mrs. Storie. If there were averments in the affidavit affecting Hughes sufficient to constitute a basis for proceeding against him for contempt, the court was authorized to act upon it and issue its citation against him, for the prayer added nothing to the facts stated in the affidavit upon which alone the court could act. The law is stated in *Hutton* v. *Superior Court*, 147 Cal. 156, [81 Pac. 409]. "It is well settled," said the court, "that where the contempt is committed without the presence of the court, the affidavit of facts forming the basis of judicial action must show on its face a case of contempt; and if it does not, the court is wanting in jurisdiction and the order of contempt is void and will be annulled on *certiorari*. In such case it is immaterial what may be shown to the court at the hearing, or specified and found by the court in its decree adjudging the accused guilty of contempt. The proceeding is void *ab initio*. The affidavit or affidavits upon which the contempt proceeding is based constitute the complaint, and unless they, upon their face, charge facts constituting contempt, the court is without jurisdiction to proceed."

Under the rule here stated it would seem that in determining the sufficiency of the affidavit we cannot consider the admission of the accused that he knowingly and willfully violated the order of the court. But it seems to us that where the accused appeared in person and by attorney and was given full opportunity to be heard, and interposes no objection to the sufficiency of the affidavit (and none was made so far as the record shows) it should receive liberal construction

since its sufficiency is now for the first time called in question. It is true, as claimed by petitioner, that it has been held as in *Early* v. *People,* 117 Ill. App. 608: "A petition in a contempt proceeding should be certain in every particular, and should show facts which if proven, will establish the contempt alleged, and where based *merely* upon the belief of the petitioner, it is insufficient." Our supreme court, in *Ex parte Acock,* 84 Cal. 54, [23 Pac. 1029], said: "Whatever the rule may be with respect to the rights of persons held under an attachment which has been issued upon an affidavit made on information and belief *alone,* we do not think that after a full and fair hearing, in which the prisoner has been given full opportunity to present his defense to the charge made against him, a judgment of conviction can be held to be void because some of the charges are made on information and belief. It would be impossible in many cases of contempt committed out of the presence of the court to secure the apprehension or conviction of the guilty parties, if every fact material to sustain the judgment were required to be stated in positive terms." (Citing *Ex parte Ah Men,* 77 Cal. 198, [11 Am. St. Rep. 263, 19 Pac. 380] ; *Ex parte Kearny,* 55 Cal. 228.)

But we think that the charges against Mr. Hughes were not wholly made on information and belief, and such as were so made had some foundation to build upon. He had been Mrs. Clise's attorney throughout the proceedings for divorce and continued to be her attorney in all the subsequent proceedings. The affidavit states that affiant was told by his client, Mrs. Storie, that her attorney, Hughes, had advised her not to surrender the custody of the children; affiant saw him take them from Mrs. Storie's residence in an automobile before the hour at which they were ordered to be delivered to affiant and he kept them away. We think there were circumstances sufficient to justify affiant in averring on information and belief that "L. H. Hughes took the said children and kept them away at the request and with the consent of said Emma D. Storie for the express purpose of preventing affiant from getting the said children at the time fixed by the court and for the purpose of violating said order." These statements were of matters peculiarly within the knowledge of the accused. His intent or purpose in what he did could not reasonably be supposed to be within the personal knowledge of affiant. His outward acts and the information given affiant by his client

in the very matter then in issue and at the moment the issue arose constituted ground for the statements made on information and belief.

In justice to Mr. Hughes, it may be stated that he no doubt relied upon his notice of appeal as staying all subsequent proceedings affecting the custody of these children and hence frankly admitted having violated the order of the court of June 7, believing he was justified in doing so. In this we think he mistook his rights and must look to the offended court for relief from the effect of his conduct.

3. Petitioner makes the further point that the judge was disqualified from sitting in the case under section 170 of the Code of Civil Procedure, that he was a party to the proceeding. There is no merit in this contention. If we understand petitioner, he claims that the judge instituted the proceeding and that section 1211 of the Code of Civil Procedure confers no such power on the court. We do not regard the proceeding as having been initiated by the judge who heard the matter. There was presented to him an affidavit showing what he regarded as contemptuous conduct toward the court. It was clearly within his province, and his duty as well, to act upon the affidavit if he deemed the conduct of the accused warranted it, and he was not disqualified to hear and determine the matter.

The writ is denied.

Hart, J., and Ellison, J., *pro tem.,* concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 29, 1915.