THE STATE OF KANSAS v. HENRY GALLUP.

1. BRIEF—*Reflections upon Trial Judge.* No remarks of counsel derogatory to the dignity of the trial judge will be tolerated by this court. An attorney indulging in this line of argument is liable to have the objectionable brief stricken from the files, or to be disbarred from practicing in this court.

2. CONTEMPT—*Defective Affidavit.* An affidavit for the issuance of an attachment for an alleged constructive contempt in violating an injunction which wholly fails to state that the defendant is guilty of violating the injunction is fatally defective.

3. ——— *Not Cured by Recognizance.* Such defect is not cured by the defendant entering into a recognizance to appear and answer to the charge against him, for the reason that there is no charge to answer.

4. ——— *Insufficient Affidavit — Judgment, Unauthorized.* An affidavit which only states that information has come to the county attorney that a person has committed an offense is hearsay, does not charge the commission of an offense, is not sufficient to satisfy the court that an offense has been committed, does not authorize the clerk to issue an order of arrest against the person sought to be charged, and is not sufficient to authorize the court to render a judgment against said person.

MEMORANDUM.—Appeal from Reno district court; F. L. MARTIN, judge. Proceeding in contempt brought by The State, on the relation of L. M. Fall, as county attorney of Reno county, against Henry Gallup. Judgment against defendant. He appeals. Reversed. The opinion herein, filed November 9, 1895, sufficiently states the facts.

*McKinstry & Fairchild*, for appellant.

*F. B. Dawes*, attorney general, *L. M. Fall*, county attorney, and *Z. L. Wise*, deputy county attorney, for The State.

The opinion of the court was delivered by

DENNISON, J. : This is an appeal from a proceeding in contempt. On the 4th day of May, 1895, L. M. Fall, county attorney of Reno county, Kansas, filed in the district court of said county a motion and affidavit, of which the following is a copy, (omitting caption) :

"Motion and affidavit to obtain order of attachment for contempt.

"Comes L. M. Fall, county attorney of Reno county, state of Kansas, and shows the court that heretofore, to wit, on the 12th day of April, 1895, he, as county attorney, filed an action against said Henry Gallup, praying an order of injunction might issue restraining him and others from keeping and maintaining a nuisance by the keeping and sale of intoxicating liquors in the Midland block, No. 207 North Main street, in the city of Hutchinson, said county and state, which order of injunction was by the court issued and duly served upon said defendant as required by law and the statutes of the state of Kansas.

"Your complainant further says, under oath, that information has come to him, as such county attorney, that the said defendant, Henry Gallup, has, since the issuing and service of the order of injunction herein, at the said place described in said order, continuously and as a business, kept, sold and bartered spirituous and other intoxicating liquors in open violation of the said order of injunction heretofore granted herein ; and complainant, as such county attorney, as is his duty under the law, submits this, his motion, and asks the court to issue his order of attachment for contempt herein, and that he be brought before the court to answer for such contempt of the said order of injunction. L. M. FALL, *County Attorney.*

"Subscribed and sworn to before me, this 4th day of May, 1895.—Z. W. WHINERY, *Clerk.*"

Upon the filing thereof, the clerk of the district

court of said county issued an order of attachment, or order of arrest, directed to the sheriff of Reno county, of which the following is a copy :

"State of Kansas, county of Reno, ss.

"The state of Kansas to the sheriff of Reno county, greeting : You are hereby commanded to attach the body of Henry Gallup and have him forthwith before the district court of the state of Kansas, sitting in and for the county of Reno, to answer a certain contempt with which he stands charged for disobeying an order of injunction issued out of this court after being legally summoned.

"Witness my hand and the seal of said court, affixed at my office in Hutchinson, this the 4th day of May, A. D. 1895.

"[Seal.]                    Z. W. WHINERY, *Clerk.*"

The record shows that the said attachment was served upon the defendant, and he was produced in court, and the court, not being ready to proceed with the hearing at that time, continued the same until May 6, 1895, and fixed the amount of bail to be given for the appearance of the defendant, in default of which, defendant was ordered committed to the jail until that time ; which bond the said defendant gave, and was released by the sheriff. Upon the hearing of the case, on said 6th day of May, the order of the court was that the defendant be fined $100 and be committed to jail for 30 days ; from which order the defendant appeals, and brings the case here for review.

The attorneys for the defendant take occasion in their brief to criticise the action of the trial judge. They speak of his working himself into a "frenzy," and of his being "undignified and partisan." This is highly improper, and will not be tolerated by this court. Any attorney indulging in this line of argu-

ment is liable to have his brief stricken from the files or to be disbarred from practicing in this court.   If any exceptions are taken to the action of the judge and it is desired that this court shall review them, our attention can be called to them as they occur in the record, and we will carefully consider what bearing they may have had upon the merits of the case or the rights of the litigants; but no remarks of counsel derogatory to the dignity of the trial judge will be tolerated by this court.   The brief of the defendant, filed September 16, 1895, is ordered stricken from the files.

An examination of the record filed in this court discloses the fact that an order of attachment was issued against this defendant, Henry Gallup, without a sufficent affidavit therefor having been filed.   The contention is made that, because the defendant gave a recognizance to appear on May 6 and answer to the charge against him, he waived the defect in the affidavit.   The authorities seem to be uniform that a recognizance takes the place of a warrant; that the defendant is held under the recognizance, and not under the warrant, and that the warrant has spent its force.   It has also been uniformly held that, where the affidavit is sufficient for all purposes except for the purpose of issuing a warrant, a recognizance to appear and answer waives the error in issuing the warrant on the insufficient affidavit, and the defendant must answer to the charge against him. What is the charge against him in this affidavit? With what crime is he charged?   Admitting every allegation of the affidavit to be true, and it only admits that information has come to him as county attorney, etc.   There is no statement that this defendant has violated the injunction.   The only positive aver-

ment is, that information has come to the county attorney that he has violated the injunction, etc. This affidavit cannot be upheld under any of the sections of the statute which provide that the information and belief of affiant is sufficient. The county attorney nowhere in it states that he believes the things of which he has been informed. There is no allegation in the affidavit which is sufficient to satisfy the court that the injunction had been violated, or that would authorize the clerk to issue an order of arrest against the defendant. For wholly failing to state that the defendant is guilty of violating the injunction, the affidavit is fatally defective, and this proceeding is in the same condition as though none had been filed.

"It is error to issue an attachment, warrant or order of arrest for an alleged constructive contempt, without an affidavit or information containing a statement of the facts constituting the alleged contempt having been first filed with the court." (*The State v. Henthorn,* 46 Kas. 613.)

There is no affidavit or information filed stating the facts constituting the alleged contempt in the case at bar. The county attorney filed his affidavit containing a statement that information had come to him that such facts existed. This is mere hearsay. The question of the issuance of a warrant upon such an affidavit is fully discussed in *The State v. Gleason,* 32 Kas. 245. Among other very pertinent statements made by Chief Justice HORTON, in delivering the opinion, is the following, to be found on page 251 :

"If a warrant, in the first instance, may issue upon mere hearsay or belief, then all the guards of the common law and of the bill of rights of our own constitution to protect the liberty and property of the citizen against arbitrary power are swept away."

The district court had no authority to render judgment against the defendant, for the reasons above stated; therefore he must be discharged. The judgment of the district court is reversed, and the defendant ordered discharged, with costs.

All the Judges concurring.