RUSSELL *v.* WAYNE CIRCUIT JUDGE.

CONTEMPT—INTIMIDATION OF WITNESSES—INTERROGATORIES.

In contempt proceedings for attempting to intimidate witnesses, instituted under 3 Comp. Laws, § 10891, empowering courts of record to punish as for contempt persons unlawfully interfering with the proceedings in an action, the petition, based wholly on information and belief, was accompanied by certain affidavits, and no damages were claimed as a result of the contempt. Respondent appeared and filed his answer in response to an order to show cause, and the court appointed an attorney to examine into the case and file interrogatories, which, being duly prepared, covering specifically the charges in the affidavits, were submitted, and answered by respondent. *Held*, on examination of the interrogatories so submitted, that they covered the entire ground, and petitioner was not entitled to the allowance of further interrogatories prepared by himself.

*Mandamus* by Frank H. Russell, as administrator, to compel Henry A. Mandell, circuit judge of Wayne county, to allow certain interrogatories prepared by relator in a contempt proceeding. Submitted April 19, 1904. (Calender No. 20,482.) Writ denied May 31, 1904.

*S. E. Engle*, for relator.

*Allan H. Frazer*, for respondent.

GRANT, J. The relator had a suit pending in the circuit court for the county of Wayne against the Penberthy In-

jector Company and S. Olin Johnson.   The action was
based upon the negligence of the defendants, through
which it is claimed that relator's decedent lost his life.
Relator filed a petition with the respondent, charging the
defendant Johnson with contempt of court in attempting
to intimidate some of the witnesses, or proposed witnesses,
in the case.   The petition was based wholly upon informa-
tion and belief, and was accompanied by affidavits.   The
order to show cause was issued, and answer of Mr. John-
son duly filed.   The relator demanded interrogatories.
The respondent appointed Mr. Allan H. Frazer, ex-prose-
cuting attorney and an officer of the court, to examine
into the case and file interrogatories.   Mr. S. E. Engle,
on behalf of the relator, presented to the court 78 inter-
rogatories.   Mr. Frazer examined the affidavits, and pre-
pared 26 interrogatories, covering specifically the charges
made by the affidavits.   Mr. Johnson answered all these
interrogatories.   The court declined to examine the inter-
rogatories on behalf of the relator, and accepted those pro-
posed by Mr. Frazer.   The relator, by this proceeding,
seeks to compel the respondent to consider and allow the
interrogatories propounded by him.

The respondent returns that the proceeding was treated
by the relator as a criminal, not a civil, one.   The relator
neither in his petition nor in any affidavits claimed dam-
ages as a result of the contempt.   The intimidation of
witnesses is naturally a criminal matter,—one in which
the damages are to the public and the courts as well as to
litigants.

The affidavits, not the petition, conferred jurisdiction
upon the court.   Without the affidavits the proceeding
would have been quashed.   *In re Wood,* 82 Mich. 82 (45
N. W. 1113).   Allegations in the petition not supported by
the affidavits will be ignored.   When one charges another
with the serious crime of interfering with the due course
of justice by corrupting or intimidating witnesses, he must
have positive evidence to present to the court upon which
to base the charge.   Rumors will not do.   Allegations

upon information and belief are not sufficient to put the party charged upon answer.

This proceeding was brought under 3 Comp. Laws, § 10891. The charges made by the affidavits were before the court. The court ordered an attorney to prepare interrogatories based upon those affidavits. The attorney did so, and reported them to the court. The court examined the affidavits and interrogatories, and determined that those presented by Mr. Frazer were sufficient. The practice was proper, and a full compliance with the statute. We have examined the interrogatories, both those proposed and those submitted and answered. We think those submitted covered the entire ground.

The *mandamus* is denied.

MOORE, C. J., and HOOKER, J., concurred. CARPENTER and MONTGOMERY, JJ., took no part in the decision.