## F. E. Early, et al., v. The People of the State of Illinois, ex rel. W. H. Decker.

1. SEARCH WARRANT—*what essential to valid issuance of.* It is essential to the valid issuance of a search warrant that the requirements of the statute with respect thereto must be strictly observed, and such observance must appear from the proceeding itself.

2. SEARCH WARRANT—*when, void.* A search warrant that fails to require the officer serving the same to bring before the justice of the peace who issued it the person in possession of the goods seized, is illegal and void, and this vice in the warrant is not cured by the appearance of such person.

3. SEARCH WARRANT—*when, void.* A search warrant which commands the officer serving the same to bring the articles taken and the person or persons found in possession thereof to himself "or to some other judge or justice of the peace of the county," is void in that it does not command him in the language of the statute to bring such articles and persons " to the judge or justice of the peace who issued the warrant or to some other judge or justice of the peace or court having cognizance of the case."

4. SEARCH WARRANT—*when, void.* A search warrant which does not show upon its face a cause in which such a warrant can lawfully issue, is void.

5. SEARCH WARRANT—*when, cannot be lawfully issued.* A search warrant cannot be lawfully issued for the purpose of taking gaming apparatus not kept and provided to be used at some gaming house, building, apartment or place within the limits of Illinois. and such a warrant issued without showing a case within the statute is void.

6. CONTEMPT PROCEEDING—*what beginning of.* A petition for an attachment is the commencement of contempt proceedings, notwithstanding they may have arisen as the result of a complaint praying the issuance of a search warrant.

7. CONTEMPT PROCEEDING—*when petition in, is insufficient.* A petition filed in a contempt proceeding should be certain in every essential particular and should show facts which, if proven, will establish the contempt alleged, and where based merely upon the belief of the petitioner, it is insufficient.

8. CONTEMPT PROCEEDING—*when answer entitles the respondents to discharge.* In a proceeding for a criminal contempt the respondents are entitled to a discharge where by verified answer they deny the allegations of the petition.

9. CONTEMPT—*what essential to establish.* Where a contempt of court is charged, it is essential that it appear that the court against whom the contempt is charged to have been committed, had jurisdiction of the case in which it is alleged to have been committed.

Early v. The People.

Contempt proceeding. Error to the Circuit Court of Sangamon County; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the May term, 1904. Reversed. Opinion filed January 6, 1905.

CONNOLLY & BARNES, for plaintiffs in error; DAVIS MC-KEOWN, of counsel.

W. E. SHUTT, JR., State's Attorney, for defendant in error; T. J. CONDON, of counsel.

MR. JUSTICE GEST delivered the opinion of the court.

On the 11th day of January, 1904, Hon. Owen P. Thompson, one of the circuit judges for the seventh judicial circuit, issued a search warrant under his hand and bearing that date. The writ recites: " Whereas complaint was this day made in writing verified by the affidavit of E. M. McDonald to the undersigned, Owen P. Thompson, one of the circuit judges in and for the county of Sangamon, State of Illinois, stating that he has just and reasonable grounds to believe and does believe that on the fifth day of January, A. D. 1904, at and in the county of Sangamon, State of Illinois, in the city of Springfield, in the building known as the Old Furniture Factory and situated on the north side of Enos avenue and between Tenth and Eleventh streets there were then and there unlawfully kept and provided to be used for the purpose of unlawful gaming, and pernicious and dangerous to the public welfare, certain gaming apparatus, implements and accessories, to wit: three roulette bowls and wheels " and a variety of other articles commonly recognized as gambling tools. ' " And affiant further states that he verily believes that the said (above described articles) are now concealed in the building known as the Old Furniture Factory and situated " as above described. " And affiant further says that he doth verily believe that the gaming apparatus, implements and accessories aforesaid are now being kept and provided to be used for the purpose of unlawful gaming, are pernicious and dangerous to the public welfare, and are now contained in the above described premises in the city of Springfield, county and state aforesaid."

The writ then proceeds: " And from the said complaint the undersigned being satisfied that there is reasonable cause for such belief, I therefore command you to search in the day time the building known as the Old Furniture Factory situated (as above stated) and to bring the said roulette bowls and wheels (and other things as above stated) therein when found, and the person or persons in whose possession they are found, to the undersigned, or to some other judge or justice of the peace of the county, and fail not to make due service and return hereof.       '

Given under my hand and seal this 11th day of January, A. D. 1904.

OWEN P. THOMPSON, Circuit Judge."

The complaint mentioned in the search warrant nowhere appears in the record except in so far as recited in the warrant.    The warrant runs in the name of The People, and is properly addressed, and was delivered to W. H. Decker, a constable of Sangamon county, to execute.    Decker made return bearing date January 12, 1904, that he had executed the writ " by searching the within described premises and have seized the following described gaming apparatus, implements and accessories, to wit," (setting out description of articles substantially as in writ) and that he had appointed G. D. McGinniss custodian of the same and ordered him to store it in the storehouse known as Springfield Storage Company, in Springfield, Sangamon county.

On January 12, 1904, there was filed in the Circuit Court of Sangamon county, a petition subscribed and sworn to by the constable, Decker, which, after divers amendments made thereto by leave of the court, is in substance as follows : It is entitled, " The People ex rel., W. H. Decker v. F. E. Early, Joseph Gambrell and O. T. Johnson," and of the January term of the Sangamon Circuit Court; recites the issuance of the search warrant by Judge Thompson, makes it an exhibit and part of the petition, states his execution thereof as above mentioned and proceeds: " Your petitioner further represents that, having taken said gambling apparatus and gambling instruments by virtue of the writ

so issued by Circuit Judge Thompson, and while your petitioner had the same in his actual and legal authority, * * * one F. E. Early issued certain pretended writs of replevin upon certain pretended affidavits made by one William A. Thompson, and one Joseph Gambrell and O. T. Johnson by virtue of said pretended writs of replevin by threats and by force and arms forcibly and against the writ and protestation of your petitioner, wilfully, maliciously and fraudulently took from him all of the said gambling apparatus and implements and now have the same, as your petitioner verily believes." Copies of the writs of replevin and affidavits therefor are made part of the petition. "Wherefore your petitioner informs the court that the said gambling apparatus and implements so in its custody have been taken as aforesaid by the said Joseph Gambrell and O. T. Johnson together with the connivance and approbation of the said F. E. Early, and who now hold the said apparatus and implements in defiance of the process of this court." Petitioner then prays that Gambrell, Johnson and Early may be cited to appear, and may be dealt with by the court, and that the apparatus and implements may be restored to his custody.

The defendants demurred to the petition; their demurrer was overruled; defendants were thereupon arraigned and pleaded not guilty. A jury was called to try defendants upon the petition, and they thereupon withdrew their pleas of not guilty and refused to plead to the petition; the court ordered pleas of not guilty to be entered for each defendant, a jury was empanelled and sworn, trial was had, defendants declining to take any part therein, and a verdict rendered finding the defendants "guilty of criminal contempt of court as charged in petition." Thereupon the defendants severally were required to answer certain interrogatories, to wit: The defendant Early was required to answer twenty-one interrogatories, the defendant Gambrell forty-one interrogatories, and the defendant Johnson thirty-eight interrogatories. Afterwards defendants were required to answer additional interrogatories, to wit, Early

fifteen, Gambrell nineteen, Johnson seventeen. Again, afterwards, defendant Gambrell was required to answer five and defendant Johnson four additional interrogatories. Thereupon the court entered the following order and judgment:

" And now come the parties hereto, by their respective attorneys, and the court finds and holds from the papers on file in this case, interrogatories and answers thereto, and all the facts and circumstances in evidence in the case surrounding the defendants, at the time of the alleged contempt and their conduct at said time; that the defendants, and each of them, knew that the acts which they and each of them were engaged in, were for the purpose and were calculated to interfere with and embarrass and obstruct the Circuit Court of Sangamon county, Illinois, in the administration of the law.

That in the issuance of the writs of replevin for gambling paraphernalia under the circumstances under which they were issued and in the execution of them under the circumstances under which they were issued, the defendants, and each of them, knowingly and wilfully entered upon a course of conduct that was intended to and did result in the impeding, embarrassing and obstruction of the administration of the law and were in defiance of the process of this court.

The court further finds and holds that the answers of the defendants, and each of them, to the interrogatories filed herein are evasive, untrue and insufficient, and from a consideration of all the facts and circumstances in evidence the court finds and holds that the defendants, and each of them, are, and were, guilty of acts calculated to impede, embarrass and obstruct the administration of justice, and so the court finds them, and each of them, guilty of contempt of the Circuit Court of Sangamon county, Illinois.

It is therefore ordered and adjudged by the court that the defendants, and each of them, are guilty of contempt of the Circuit Court of Sangamon county, Illinois, and it is further ordered and adjudged, that as punishment therefor the defendant F. E. Early, be imprisoned in the county jail of Sangamon county for the period of one hundred days and pay a fine of two hundred dollars, and that he stand committed to said jail until said fine and costs are paid, or until otherwise discharged according to law.

And that the defendant Joseph Gambrell be imprisoned

in said jail for the period of one hundred days and pay a fine of one hundred dollars and costs, and that he stand committed to said jail until the said fine and costs are paid, or until he is otherwise discharged according to law.

And that the defendant O. T. Johnson be imprisoned in said jail for ninety days and pay a fine of twenty-five dollars and costs, and that he stand committed until said fine and costs are paid, or he is otherwise discharged according to law.

It is further ordered that writ of commitment issue forthwith, for each and all of said defendants."

Due exception was taken by each defendant to each proceeding, order and judgment taken and made in the cause.

Authority for the issuance of search warrants for gambling apparatus and implements is given, and the course of procedure thereon prescribed, by division 8 of our criminal code.

Section 1 of that division provides: " When complaint is made in writing, verified by affidavit, to any judge or justice of the peace, that personal property (particularly describing the same) has been stolen, embezzled, or fraudulently obtained by false tokens or pretenses, and that the complainant believes that it is concealed in any house or place (particularly describing the same), the judge or justice of the peace, if he is satisfied that there is reasonable cause for such belief, shall issue a warrant to search such house or place for such property."

Section 2 provides: " Any such judge or justice of the peace may, on like complaint made on oath, issue search warrants when satisfied that there is reasonable cause " in the following, among other cases, to wit, " to search for and seize gambling apparatus, or implements used, or kept and provided to be used in unlawful gaming, in any gaming house, or in any building, apartment, or place resorted to for the purpose of unlawful gaming."

Section 3 is as follows: " All such warrants shall be directed to the sheriff or any constable of the county, commanding such officer to search in the day time the house or place wherein the stolen property or other things for which he is required to search are believed to be concealed

(which place and property, or things to be searched for, shall be particularly designated and described in the warrant), and to bring such stolen property or other things, when found, and the person in whose possession they are found, to the judge or justice of the peace who issued the warrant, or to some other judge or justice of the peace or court having cognizance of the case."

The constitution of Illinois, section 6 of article 2, provides: "The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures shall not be violated; and no warrant shall issue without probable cause, supported by affidavit, particularly describing the place to be searched, and the persons or things to be seized."

In a proceeding of this character, before the premises of the citizen may be invaded and searched, a strict observance of the requirements of the statute must appear from the proceeding itself, otherwise the proceeding will be void. White v. Wagar, 185 Ill. 207. A search warrant must contain every statutory requirement. *Idem*, 206. A search warrant that fails to require the officer to bring before the justice of the peace the person in possession of the goods seized is illegal and void; void, because that is one of the statutory requirements; and the fact that the person in possession of the articles did appear will not cure the difficulty. *Idem*, 207.

The statute requires the warrant to command the officer to bring the articles and person or persons in possession "to the judge or justice of the peace who issued the warrant or to some other judge or justice of the peace or court having cognizance of the case." This warrant commands the officer to bring them to the undersigned "or to some other judge or justice of the peace of the county," and omits the further words of the statute, "or court having cognizance of the case." The statute is mandatory. It must be strictly complied with. It is not within the discretion of the judge issuing the warrant to make it returnable to himself alone, or to himself or some other judge or

justice of the peace of the county, but it must be in terms returnable also to a "court having cognizance of the case."

Further, the search warrant does not show upon its face a case in which such a warrant could lawfully issue. We have above quoted the statute which states the case in which search warrants for gaming apparatus may be issued.

This warrant cites the belief of McDonald that in the Old Furniture Factory there was unlawfully "kept and provided to be used for the purpose of unlawful gaming" certain gaming apparatus. The statute reads, "kept and provided to be used in unlawful gaming in any gaming house or in any building, apartment or place resorted to for the purpose of unlawful gaming." A substantial part of the statute is omitted. It will not answer to say that there could not be unlawful gaming except in some gaming house, building, apartment or place resorted to for the purpose of unlawful gaming, and that therefore the additional words are superfluous. That would be to violate a cardinal rule in the construction of statutes, and to say that the words of the legislature are idle or have no meaning. They have a meaning. They mean that a gaming house, building, apartment, or place resorted to for the purpose of unlawful gaming is in existence somewhere within the jurisdiction of the law-making power that enacted the statute, and that the gaming apparatus is kept and provided to be used in such gaming house, building, apartment or place. A search warrant may not be issued for gaming apparatus not kept and provided to be used at some gaming house, building, apartment or place within the limits of this state. The omitted words are an essential part of the description of the gaming apparatus. There is no statement in the writ that any such gaming house, building, apartment or place is in existence in this state or elsewhere. The matters stated in the writ to be believed by the affiant, if taken to be absolutely true, were insufficient to authorize the issuance of the search warrant.

Further, this proceeding is a separate, distinct, independent proceeding; it is not a part of the search-warrant

proceeding; it must stand or fall by itself; the affidavit for the search warrant is not the basis of this cause. Decker's petition for the attachment is the beginning of this case. That petition is in the nature of an indictment or information. It should be certain in every essential particular; no intendments are to be indulged in for its support. It ought, upon its face, to state such facts as make a case of criminal contempt against the defendants. It fails to set out, in terms or in legal effect, the affidavit of McDonald. It makes no reference to that affidavit. For aught that appears in the petition the warrant was issued without any affidavit as provided by the constitution and the law, except that a copy of the search warrant is made an exhibit and part of the petition. The search warrant recites from the affidavit merely the belief of McDonald; it recites no fact as stated in the affidavit. Mere belief of the affiant is wholly insufficient to authorize the issuance of a search warrant. Lippman v. The People, 175 Ill. 113. Even if the search warrant recited facts to be stated in the affidavit which would in law justify the conclusion that there was reasonable cause for the belief stated, such mere recital in the warrant would not be sufficient in this contempt proceeding, since this proceeding, as before stated, is a separate, independent proceeding. Our conclusion upon this point is that the petition by Decker should have in some apt form set out not only the search warrant but also the affidavit of McDonald, so that it would appear that the warrant was lawfully issued, if the affidavit was in fact sufficient; and so that the defendants might have the opportunity to contest the sufficiency of the affidavit and the validity of the warrant thereon if they saw fit. In The People v. Weigley, 155 Ill. 501, which was a contempt proceeding, it is said: " The party accused is entitled to a trial. The charge in this case being the refusal of the defendant to respect and obey an order of court, the party bringing the accusation was, in the absence of an admission of that fact by the defendants, bound to prove the existence of such an order. Accordingly he offered in evidence

Early v. The People.

the bill of complaint, summons and return, appearance and consent of the Northwestern Shoe Co., to the appointment of the receiver and the order appointing the receiver." That was a case of civil, not criminal, contempt, but Weigley was not a party to the suit and consequently as against him a valid order was required to be shown. To do that it was necessary to show that the court had jurisdiction, and for that purpose the papers mentioned were offered in evidence. In the case at bar a valid search warrant must be shown. No valid search warrant can be shown unless an affidavit be shown justifying its issue. None was shown. The demurrer of defendants to the petition was in effect a motion to quash. It should have been sustained.

Further interrogatories were propounded to the defendants and they answered thereto in substance that they had no knowledge that the search warrant had been issued or that the implements mentioned had been in pursuance thereof taken and held by Decker, the constable, that the replevin affidavits, writs and bonds were genuine, and issued, taken and served in good faith in the discharge of duty imposed by law. The answers, whether true or false, completely exonerated the defendants and each of them, and upon their answers they should have been discharged. If the answers are false the remedy is by indictment for perjury.

It is stated in the final order and judgment of the court that the finding and judgment of guilty are based " on the papers on file in this case, interrogatories and answers thereto, and all the facts and circumstances in evidence in the case surrounding the defendants at the time of the alleged contempt and their conduct at said time." As above stated, nothing should have been considered in determining the question of guilt but the answers to the interrogatories. Such is the long-settled practice in cases of this character. The search warrant was not merely voidable but void. The judgments must be reversed and the defendants discharged.

*Reversed.*