CHARLES BELANGEE v. STATE OF NEBRASKA.

FILED NOVEMBER 12, 1914. No. 18,424.

1. Contempt: JURISDICTION: AFFIDAVIT. "An affidavit alleging material facts on information and belief does not give a court jurisdiction of a contempt proceeding." *Freeman v. City of Huron*, 8 S. Dak. 435.

2. ———: ———: INFORMATION. "Proceedings for contempt not committed in the presence of the court are instituted by filing an information under oath stating the facts constituting the alleged contempt. The charge should be stated in a positive manner, and it is not sufficient for the affiant to allege that he 'is informed and believes' certain material facts." *Ludden v. State*, 31 Neb. 429.

3. ———: ———: AFFIDAVIT. "The statements must be as of the personal knowledge of the affiant. They may not be on information and belief." *Herdman v. State*, 54 Neb. 626.

4. ———: ———: ———. "The affidavit in such a proceeding is jurisdictional." *Herdman v. State*, 54 Neb. 626.

ERROR to the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Reversed and dismissed.*

*Benjamin S. Baker,* for plaintiff in error.

*Grant G. Martin, Attorney General,* and *Frank E. Edgerton, contra.*

REESE, C. J.:

This is a proceeding in error to the district court for Douglas county in a case where plaintiff in error, who will hereafter be referred to as defendant, was found guilty of contempt of court in an attempt to corrupt a juror in a case on trial in said court. As shown by the transcript, the proceeding was inaugurated by the filing of an information by the county attorney charging the accused with the specific offense. The charge contained in the information constitutes a constructive criminal contempt; that is, that the act, consisting of an attempt to bribe a juror, was not committed in the presence or hearing of the court, nor near the court when and where it was in session. The information was filed without any previous proceedings. It is in the exact form of an information in a criminal prosecution, with the exception that at its close it is alleged that the acts committed were "contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state of Nebraska, *and in contempt of said district court and its dignity;*" a phrase not essential to the validity of a charge either in an ordinary criminal prosecution or a prosecution of this character. It is claimed that the verification of the information is not sufficient, for the reason it is not positively sworn to; the recital in the affidavit being that "the facts set forth in said information are true, to the best of my knowledge and belief." After the filing of the information, defendant raised the question of jurisdiction by proper motions, objections, and exceptions, all of which were overruled, when he entered his plea of not guilty, with a general denial of the allegations of the information. A trial was had to the district court resulting in finding defendant guilty as charged in the information. A motion for a new trial was filed and overruled, also a motion in arrest of judgment was filed, and which also was overruled, when defendant was sentenced to pay a fine of $500 and to be

imprisoned in the county jail for a period of six months and to pay the costs of prosecution. The case is now here for review; one of the contentions being that the court was without jurisdiction to hear the case or render any judgment.

Upon the question as to the verification of the information, it has been held in this state that the affidavit required in cases of contempt is jurisdictional. *Gandy v. State,* 13 Neb. 445; *Ludden v. State,* 31 Neb. 429; *Hawthorne v. State,* 45 Neb. 871; *Herdman v. State,* 54 Neb. 626. In this case the information, filed by the county attorney, must be taken as the affidavit upon which the jurisdiction depends. There were two other affidavits presented to the judge, which he delivered to the county attorney, as shown by the bill of exceptions, but they do not constitute any part of the basis of the prosecution. In fact, in so far as the information is concerned, they are ignored. The affidavit of verification was made by the county attorney. We know of no rule of law *requiring* the affidavit to be made by him, nor do we find any provision or decision making it his special duty so to do. The affidavit must be treated the same as if made by any private person. It is the settled law that "the affidavit must state positive knowledge; if on information and belief, it is insufficient." *Herdman v. State, supra,* citing *Ludden v. State, supra, Gandy v. State, supra; Freeman v. City of Huron,* 8 S. Dak. 435; *Thomas v. People,* 14 Colo. 254; 4 Ency. Pl. & Pr. 779, 780. As we have seen, the affidavit, or information, was not sworn to in the positive form. In other words, it did not state "positive knowledge" of the facts charged in the body of the information. To state that the facts are true to the best of one's "knowledge and belief" falls far short of the statement that the affiant knows them to be true, which is essential in a charge of contempt. This want of jurisdiction was urged from the beginning to the end of the proceeding. The law governing the verification of informations in criminal prosecutions is upon an entirely different basis. It is required that the charge be made by the prosecuting attorney, after a pre-

liminary examination in which the facts are established, often by a great number of witnesses testifying to separate and distinct facts consisting of circumstances, which would be impossible if personal knowledge by the prosecutor was required. In such cases the accused party is entitled to a jury trial, the jury, and not the court, deciding all questions of fact, but this is not true in contempt proceedings. The law seeks to protect the citizen from such prosecutions unless some one make the charge upon his personal knowledge, when the case is brought before the court, heard and decided by the court, not by a jury, and in a summary way disposed of. The law upon that subject, as declared by the courts, is reasonable—a necessary and just protection to the person charged. The statement in an affidavit of verification refers to the charges contained in the body of the affidavit, and by which they are modified to the same extent as if the same language accompanied each statement of fact. Under averments and affidavits of the kind before us, it would be difficult, if not impossible, to convict any one of perjury in making the affidavit and charge, however false they might be. The defense that the affiant believed the statement to be true according to the best of his knowledge would be an absolute defense in a prosecution for perjury. As said by Judge Maxwell in *Ludden v. State, supra*: The court is not informed "upon what grounds" the affiant "based his belief. His informant may have been a 'busy-body' who meddled in the affairs of others without knowledge or judgment, and his belief may have been based on the idle statements of those who knew nothing of the matter." It is very clear that the charge made against the defendant was not sufficient, and the objection to the jurisdiction should have been sustained.

The judgment of the district court is reversed and the proceedings dismissed.

REVERSED AND DISMISSED.

ROSE, J., dissents.

SEDGWICK, J., dissenting.

The opinion assumes that the evidence is sufficient, and disposes of the case on the insufficiency of the informa-

tion.  The statute makes the acts charged a crime that may be punished by indictment or preliminary examination and information and jury trial, or as a contempt of court.  Section 8238, Rev. St. 1913, provides that punishment for contempt shall not be a bar to indictment and trial by jury.

In this case there was no indictment nor preliminary examination.  The information states the facts constituting the contempt of court, and then says: "In contempt of the said district court and its dignity," it is a proceeding for contempt.  It contains some allegations that would be necessary in an indictment, and probably some other surplusage, but this would, of course, not invalidate the information, if otherwise sufficient.  The allegations of the information are positive, but the verification by the county attorney is upon belief.  The opinion holds it void because of the form of the verification.  The question naturally arises:  How can a prosecution for contempt in such case be instituted?  It will rarely, perhaps never, happen that any one person will of his own knowledge know all the facts necessary to constitute the offense.  It would seem that the statute which provides that "the party, upon being brought before the court, shall be notified of the accusation against him, and have a reasonable time to make his defense" (Rev. St. 1913, sec. 8237), does not contemplate any very formal proceeding.  This statute seems to be all that there is in the statutes in regard to information or proceeding for constructive contempts.  It may be that this court in some earlier cases has gone too far in adding formalities.  The cases cited in the opinion, *Ludden v. State*, 31 Neb. 429 (violation of an injunction), the prosecution was to enforce property rights, and neither the affidavits nor evidence showed that the defendant had anything to do with violating the injunction; *Herdman v. State*, 54 Neb. 626 (injunction) ; *Gandy v. State*, 13 Neb. 445 (attempt to bribe witness) ; and *Hawthorne v. State*, 45 Neb. 871—all hold that the information must state the facts positively; that is, the "accusation" against the defendant, of which he must be notified and have time to

make defense (section 8237), must be in direct and un-equivocal terms, and not guesswork. None of them holds that it must be positively verified, and in one of them (*Gandy v. State*) it would seem there was no verification at all, but that fact is not discussed.

If knowledge of an attempt to bribe jurors comes to the court, it may, and should, direct the prosecuting at-torney to investigate, and, if sufficient evidence is found, prosecute. The county attorney cannot make the verifica-tion under this decision, and there is no provision to com-pel witnesses who knew the facts to make complaint. It would seem, then, that proceedings for contempt in such cases are done away with by the opinion. There remains the slow and doubtful prosecution by indictment or pre-liminary examination, but this leaves the court helpless for the time being. He might adjourn the term until a grand jury or examining magistrate could act. When a prosecution for constructive contempt is instituted for the purpose of enforcing a property right, or some similar purpose, the facts ought to be plainly and directly stated so that the court may know that the prosecution is in good faith. Perhaps, in such case the court might require that the statement of facts be positively verified, though this court has never so held. But when the contempt is a public crime, and the court requires the public prosecutor to formulate the "accusation" against the defendant so that he can be notified thereof when he is "brought be-fore the court," as the statute requires, and the prosecutor makes the information stating all the facts plainly and fully, there is no statute requiring such information to be positively verified. The majority opinion seems to me to introduce an unnecessary technicality not imposed by the statute.

LETTON, J., concurs in this dissent.