[Crim. No. 1175. First Appellate District, Division Two.—April 14, 1924.]

## Ex parte HARRY BROWN, on Habeas Corpus.

[1] CONTEMPT—JUDGMENTS — INTOXICATING LIQUORS — INJUNCTION— CONSTRUCTION.—Where the judgment in a proceeding to enjoin the use and occupation of certain premises under the terms of the statutes prohibiting the sale of intoxicating liquors, in addition to being a combination of findings of fact, conclusions of law, and an order that an injunction should issue, provides that "the defendant . . . and each of his agents, servants and employees, and any and all persons acting in conjunction with or in concert with him, or either or any of them, are enjoined, restrained and prohibited from using or occupying or permitting said premises to be used or occupied for any purpose whatever for said period of one year from the date hereof, or until the further order of this court," the defendant is guilty of contempt in violating such injunctive provision of the judgment, notwithstanding a so-called permanent writ of injunction, issued pursuant to such judgment, is signed by the clerk of the court alone, and not by the trial judge.

[2] ID.—SERVICE OF JUDGMENT—KNOWLEDGE.—The fact that the affidavit charging the defendant with contempt in violating the injunctive provision of such judgment, as well as the so-called permanent writ of injunction issued by the clerk, did not clearly allege service of such judgment upon defendant, was immaterial, where it did appear that defendant had knowledge of the rendering of the judgment.

[3] ID.—AFFIDAVIT ON INFORMATION AND BELIEF.—Proceedings charging contempt are valid, even though the affidavit on which they are based sets forth all the essential allegations on the information and belief only of the affiant; but on the hearing of the contempt proceeding such affidavit is not admissible as evidence against the contemner.

---

1.   See 5 Cal. Jur. 913; 6 R. C. L. 502.
2.   See 5 Cal. Jur. 915; 6 R. C. L. 504.
3.   See 5 Cal. Jur. 938, 945.

[4] ID.—VIOLATION OF JUDGMENT—PROVISIONS OF WRIT IMMATERIAL.
The judgment in the injunction proceeding having prohibited
the occupation and use of the premises for any purpose whatso-
ever and the contempt for which the defendant in that proceed-
ing was committed having consisted of the occupation and use
of said premises in violation of the terms of that order, it was
immaterial whether the so-called permanent writ of injunction
issued by the clerk (and which said defendant was also charged
with violating) followed the terms of the judgment signed by the
trial judge.

---

(1) 33 C. J., p. 702, sec. 416 (1926 Anno.).   (2) 33 C. J., p. 703,
sec. 416 (1926 Anno.).   (3) 33 C. J., p. 702, sec. 416; p. 703, sec. 416
(1926 Anno.).   (4) 33 C. J., p. 704, sec. 416 (1926 Anno.).

PROCEEDING in Habeas Corpus to secure the release
of petitioner from custody on a commitment for contempt.
Writ discharged and petitioner remanded.

The facts are stated in the opinion of the court.

Raine Ewell for Petitioner.

Ezra W. Decoto, District Attorney, Earl Warren, Assist-
ant District Attorney, and Carlisle C. Crosby, Deputy Dis-
trict Attorney, for Respondent.

NOURSE, J.—Petitioner seeks his release under *habeas
corpus* from a commitment for contempt in which he was
charged with violating an injunction of the superior court
restraining him from using and occupying certain premises
in the county of Alameda which had been ordered vacated
as a nuisance under the terms of the statutes prohibiting
the sale of intoxicating liquors.   Three points of attack are
made upon the commitment and we will consider them in the
order of their presentation.

[1]   (1) It is argued that the writ of injunction which
the petitioner was charged with violating is ineffective be-
cause signed by the clerk of the court and not by the trial
judge.   The original action was instituted by the district
attorney for the purpose of having the premises owned and
occupied by the petitioner herein declared to be a public
nuisance because said premises were being used by the peti-
tioner for the purpose of selling intoxicating liquors in vio-
lation of the prohibition statutes.   After trial a judgment

was rendered signed by the trial judge and duly entered. Thereafter what is termed a permanent writ of injunction was issued by the clerk of the court. In this the people followed the old practice, which has long since been discontinued in this state, and if this writ of injunction were the only restraining order involved the question presented by the petitioner herein would offer serious difficulties. But in addition to this writ the trial judge, as has been said, signed and entered a judgment which, though it is not to be commended as to form, is sufficient in its restraining features to form the basis of the contempt proceedings. This judgment is a combination of findings of fact, conclusions of law, an order that an injunction should issue restraining the defendant from performing certain acts in regard to the property, an order which in itself restrains the defendant from performing certain other acts in regard to the property, and an order mandatory in form requiring that certain other acts be performed in regard to the property. The portion of the judgment which is of importance to our consideration reads: ''And the defendant Harry Brown, and each of his agents, servants and employees, and any and all persons acting in conjunction with or in concert with him, or either or any of them, are enjoined, restrained and prohibited from using or occupying or permitting said premises to be used or occupied for any purpose whatever for said period of one year from the date hereof, or until the further order of this court.''

[2] The affidavit upon which the contempt proceedings were based charged the petitioner herein with the violation of this portion of the judgment as well as the so-called writ of injunction which was issued by the clerk. In so far as the judgment restrained the petitioner from using and occupying the premises for the period of one year, it was in strict accord with the terms of the act under which the proceedings were instituted and thus constituted a valid restraint against the use of the premises. It is true, as argued by petitioner, that the affidavit upon which the contempt proceedings were based does not clearly allege service of this judgment upon the petitioner, but it does appear that he had knowledge of the rendering of the judgment and this the supreme court, in *In re Brambini*, 192 Cal. 19 [218 Pac. 569] held was sufficient.

**[3]** (2) It is argued that the whole proceedings charging contempt were invalid because the affidavit on which they were based set forth all the essential allegations on the information and belief only of the affiant. Ordinarily an affidavit made solely on information and belief is ineffective for any purpose unless at least the sources of the information and belief are stated. This rule obtains where such affidavits are to be used as evidence in some judicial proceeding. Where, as here, the affidavit is in the nature of a complaint, the statement of facts upon information and belief and the failure to give the sources thereof has not been held to be fatal. In *Selowsky* v. *Superior Court*, 180 Cal. 404, 407 [181 Pac. 652], it was held that an affidavit charging the commission of a contempt need not be more specific in its averments of the facts constituting the contempt than a complaint or an information charging a crime. A contempt of this character is at the most a misdemeanor, and, of course, a complaint charging a misdemeanor may be based upon information and belief. The affidavit under consideration in the Selowsky case was, to a large extent, based upon information and belief, and, though the point was not expressly decided, these allegations were treated as sufficient. Though the practice is not an approved one, it would seem to follow from that case that an affidavit charging a contempt may be based on information and belief. If such affidavit is sought to be used as evidence against the alleged contemner on the hearing of the contempt proceedings then a different situation would arise and the rule relating to hearsay would apply. This objection is not open to the petitioner here, as it appears that the affiant was put on the stand and gave his testimony orally at the contempt hearing.

**[4]** (3) It is argued that the commitment is faulty in its quotations from the judgment and the writ of injunction, but, as has heretofore been pointed out, the petitioner was charged with violating both the judgment and the injunction, and it is therefore immaterial whether the so-called writ of injunction issued by the clerk followed the terms of the judgment signed by the trial judge. This judgment prohibited the occupation and use of the premises for any purposes whatsoever and the contempt for which the petitioner

herein was committed consisted of the occupation and use of said premises in violation of the terms of this order.

The writ is discharged and the prisoner remanded.

Sturtevant, J., and Langdon, P. J., concurred.