[Crim. No. 2615.   Second Appellate District, Division Two.—December
20, 1934.]

In the Matter of the Application of IRWIN H. ROTH for
a Writ of Habeas Corpus.

Richard H. Cantillon for Petitioner.

Philbrick McCoy, W. E. Simpson, Everett W. Mattoon, S. V. O. Prichard, Buron Fitts, Tracy Chatfield Becker and A. H. Van Cott for Respondent.

WILLIS, J., *pro tem.*—The petitioner seeks his release under *habeas corpus* from two separate commitments for constructive contempt, issued on the same day after hearing of two consecutive contempt proceedings. The matter has been submitted on the petition, the return thereto, the traverse thereof and the reporter's transcript of proceedings at the hearing.

From the record it appears that each proceeding was instituted on July 9, 1934, as ancillary to a civil action or proceeding in the Superior Court of Los Angeles County, in each of which petitioner appeared as attorney of record, by the filing of an unverified document in each case entitled,

"Suggestion of Special Local Administrative Committee No. One of The State Bar of California for the County of Los Angeles". In such document the attorney for said committee and the attorney for The State Bar of California, appearing as *amici curiae,* suggest to the court that an order to show cause why petitioner herein and others named therein should not be adjudged guilty of contempt be issued upon the basis of an affidavit of James R. Burdge, an investigator for said committee, filed therein pursuant to section 1211 of the Code of Civil Procedure and attached to and made part of the "Suggestion", and upon the basis of which the committee and counsel "advise the court in their opinion" that the parties named therein have been guilty of contempt of the authority of the superior court. The affidavit of the investigator in each case is based wholly on information and belief, excepting the allegation of his own status as investigator. Each recites a series of acts and transactions in which the several contemners participated and of which the affiant had been informed, but no source of any of such information is stated therein. Upon this "Suggestion" and the accompanying affidavit an order to show cause was issued in each case on July 9, 1934, and hearing was had in consecutive order, over objections of petitioner herein to jurisdiction of the court, on August 13 and 14, 1934, at the conclusion of which the court entered its two separate judgments adjudging petitioner guilty of contempt and imposing a county jail sentence and fine in each case.

Petitioner bases his right to release in each case on two general propositions: (1) that the initial affidavit does not state facts sufficient to constitute contempt, and (2) that the order of commitment was in excess of the jurisdiction of the court because the record does not disclose that any contempt was committed. The first proposition is subdivided into two parts: (a) that the initial affidavit is not sufficient to confer jurisdiction because the statement of facts therein is based wholly on information and belief, and (b) that the facts stated do not constitute contempt.

The law in this state on the subject of the sufficiency of an initiating affidavit filed under the provisions of section 1211 of the Code of Civil Procedure, which sets out the facts constituting a constructive contempt on information

and belief, may be characterized as being in a state of flux. Before entering upon a discussion of this subject, the general rules governing contempt and proceedings to prosecute charges thereof, with their relation to prosecution for misdemeanors, should be stated.

Contempt of court is a specific criminal offense, and is not a civil action either at law or in equity, but is a separate proceeding of a criminal nature and summary character, in which the court exercises but a limited jurisdiction. In a prosecution for constructive contempt the affidavits on which the citation is issued constitute the complaint, and the affidavits of the defendant constitute the answer or plea. A hearing must be had on the issues thus joined, at which competent evidence must be produced. The proceeding is of such a distinctly criminal nature that a mere preponderance of evidence is insufficient, the defendant cannot be compelled to be sworn as a witness and he cannot be convicted upon the uncorroborated testimony of an accomplice. (*Hotaling* v. *Superior Court,* 191 Cal. 501 [217 Pac. 73, 29 A. L. R. 127].) And the affidavit charging the commission of a contempt need be no more specific in its averments of the facts constituting the contempt than a complaint charging a crime. (*Selowsky* v. *Superior Court,* 180 Cal. 404 [181 Pac. 652].) Contempt is an offense which, generally speaking, may be classified as a misdemeanor under the definition given in section 17 of the Penal Code. Section 1209 of the Code of Civil Procedure defines the acts or omissions which constitute the thirteen kinds of contempt of the authority of a court of justice. Section 166 of the Penal Code declares every person who is guilty of any contempt of court of either of the eight kinds defined therein to be guilty of a misdemeanor. Upon comparison of the two sections we note many duplications of acts or omissions which are therein defined as contempts, these, therefore, being the subject of two distinct methods of procedure toward punishment. The thirteenth subdivision of section 1209, relating to the unlawful practice of law, is not found in section 166 of the Penal Code but is embraced in sections 47 and 49 of the State Bar Act, wherein such act is declared a misdemeanor. If the acts or omissions are charged as contempts under the summary process set up in the Code of Civil Procedure (secs. 1209–1222), an affidavit

of the facts is required in cases of constructive contempt, on which an attachment or order to show cause may be issued. If the same matter is charged as a misdemeanor as defined by section 166 of the Penal Code or by the provisions of the State Bar Act, a complaint under oath in accordance with section 1426 of the Penal Code is required, upon which a warrant of arrest may be issued.

In the matter of initiating a misdemeanor prosecution, it appears to be the accepted rule that the complaint described in section 1426 of the Penal. Code may be made and based on information and belief. (*Ex parte Blake,* 155 Cal. 586 [102 Pac. 269, 18 Ann. Cas. 815].) In arriving at a decision establishing this rule, the court in the cited case first distinguished the methods of procedure in instituting a prosecution of a felony charge, as set forth in sections 811–813 of the Penal Code and those for prosecuting misdemeanors under sections 1426 and 1427 of that code. In the one the magistrate may examine as many witnesses as he desires before issuing the warrant, while in the other he is limited to the complaint itself as a basis for his action in signing a warrant. But section 1427 makes it his duty to issue a warrant of arrest upon the filing of the complaint under oath if he ''is satisfied therefrom that the offense complained of has been committed''. The court, on this distinction and this peculiar language of section 1427 of the Penal Code, held that a complaint verified on information and belief, charging a misdemeanor, was sufficient and conferred jurisdiction of the subject-matter.

The provisions of the Code of Civil Procedure presenting the method of prosecuting a charge of constructive contempt, which correspond with those of the Penal Code for prosecuting misdemeanors, are found in sections 1211 and 1212 thereof. Section 1211 provides that ''an affidavit shall be presented to the court, or judge, of the facts constituting the contempt'', and section 1212 provides that ''when the contempt is not committed in the immediate view and presence of the court or judge, a warrant of attachment may be issued to bring the person charged to answer, or, without a previous arrest, a warrant of commitment may, upon notice, or upon an order to show cause, be granted''. From this comparison we note that the peculiar language, ''is satisfied therefrom'', etc., used in the provisions for

commencing misdemeanor prosecutions in the Penal Code and made the basis of the decision in the Blake case, *supra,* is absent from the form prescribed for prosecuting contempts under the summary procedure set up in the Code of Civil Procedure, and the rule announced in the Blake case cannot, therefore, be controlling in a case of contempt initiated and prosecuted under the methods prescribed by the Code of Civil Procedure.

█ With the foregoing as a background we may now revert to the first point presented. The question of sufficiency of an affidavit based on information and belief to confer jurisdiction of a charge of constructive contempt appears to have first been considered by the appellate courts of this state in the case of *Ex parte Acock,* 84 Cal. 50 [23 Pac. 1029], wherein the petitioner contended in a proceeding on *habeas corpus* that the judgment of conviction for constructive contempt was void because "material allegations of the affidavits are made upon information and belief". In deciding the point the court said: "Whatever the rule may be with respect to the rights of persons held for examination under an attachment which has been issued upon an affidavit made on information and belief *alone,* we do not think that, after a full and fair hearing, in which the prisoner has been given a full opportunity to present his defense to the charge made against him, a judgment of conviction can be held to be void because *some* of the charges are made on information and belief. It would be impossible in many cases of contempt committed out of the presence of the court to secure the apprehension or conviction of the guilty parties, if *every* fact essential to sustain the judgment were required to be stated in positive terms." (Italics ours.)

In *Hughes* v. *Moncur,* 28 Cal. App. 462 [152 Pac. 968], in a proceeding on *certiorari,* the petitioner claimed that the affidavit on which his conviction of contempt was founded was based upon information and belief and was insufficient to support the judgment. The court quoted the same language as above quoted from *Ex parte Acock, supra,* and said: "But we think that the charges against Mr. Hughes were not *wholly* made on information and belief, and such as were so made had some foundation to build upon. . . . We think there were circumstances sufficient to

justify affiant in averring on information and belief that 'L. H. Hughes took the said children and kept them away at the request and with the consent of said Emma D. Storie for the express purpose .of preventing affiant from getting the said children at the time fixed by the court and for the purpose of violating said order'. These statements were matters peculiarly within the knowledge of the accused. His intent or purpose in what he did could not reasonably be supposed to be within the personal knowl-. edge of affiant. His outward acts and the information given affiant by his client in the very matter then in issue and at the moment the issue arose constituted ground for the statements made on information and belief." (Italics ours.) The next reference to this subject is found in the case of *In re Selowsky,* 38 Cal. App. 569 [177 Pac. 301], a proceeding on *habeas corpus,* wherein among many other positive averments of facts in the affidavit charging contempt two were based on belief of cohabitation on two successive days. Concerning these averments the court said: "It is, of course, to be conceded that the *belief* of the affiant that the Ponta woman cohabited and had illicit relations with the two men cannot be accepted as evidence of that fact, but that allegation in the affidavit may be eliminated and still there remain sufficient facts to show that the building was then being conducted for the purpose of prostitution, etc." This same matter later came before the Supreme Court in the case of *Selowsky* v. *Superior Court,* 180 Cal. 404 [181 Pac. 652], on *certiorari,* wherein the same averments were pointed out by petitioner as being insufficient in that no specific act of lewdness, assignation or prostitution was alleged except upon the belief of the affiant, and that the grounds upon which that belief was based were not set forth. The court disposed of this point as follows: "Conceding that there may be no sufficient allegation of any specific act of lewdness, assignation or prostitution, we are, nevertheless, of the opinion that the affidavit as a whole was sufficient to institute the contempt proceedings and to support the judgment (*Ex parte Selowsky,* 38 Cal. App. 569 [177 Pac. 301])."

In the case of *In re Kolb,* 60 Cal. App. 198 [212 Pac. 645], in deciding and discharging a writ of *habeas corpus* in a contempt case, the court said: "It was assumed by

counsel that the affidavit praying for the issuance of an order to show cause was made by the wife's attorney, and that *at least a part* of it was made on information and belief. Thereupon it was argued that such paper was not in legal effect an affidavit (*Gay* v. *Torrance,* 145 Cal. 144 [78 Pac. 540]). However, that rule is one that has exceptions. One of the exceptions is that line of cases where the terms of a court decree have been violated and proceedings are being taken to terminate the violations or to punish therefor. (*Hughes* v. *Moncur,* 28 Cal. App. 462, 469 [152 Pac. 968]; *In re Selowsky,* 38 Cal. App. 569, 581 [177 Pac. 301].)'' (Italics ours.) The rule referred to above is that announced in the case of *Gay* v. *Torrance, supra,* wherein an affidavit based on information and belief was presented in support of a motion for a new trial and of which the court said: ''We are satisfied that such affidavit cannot be considered competent evidence as to these matters. Ordinarily, an affidavit made solely on information and belief is unavailing for any purpose. . . . We cannot see that the reasons stated in the affidavit for the making of the same on information and belief—viz., that the person who knew the facts had refused to make affidavit—can alter the situation. It still remains that there is 'no competent or proper evidence' contained therein, and if petitioner is unable to procure competent evidence as to the alleged irregularities she cannot establish the same.'' In the case of *Ex parte Brown,* 66 Cal. App. 534 [226 Pac. 650], a *habeas corpus* proceeding in a contempt case involving violation of an injunction, based on an affidavit in which all the essential allegations were set forth on information and belief only—the court in the First Appellate District in discharging the writ said: ''Ordinarily an affidavit made solely on information and belief is ineffective for any purpose unless at least the sources of the information and belief are stated. This rule obtains where such affidavits are to be used as evidence in some judicial proceedings. Where, as here, the affidavit is in the nature of a complaint, the statement of facts upon information and belief and the failure to give the sources thereof has not been held to be fatal. In *Selowsky* v. *Superior Court,* 180 Cal. 404, 407 [181 Pac. 652], it was held that an affidavit charging the commission of a con-

tempt need be no more specific in its averments of the facts constituting the contempt than a complaint or an information charging a crime. A contempt of this character is at the most a misdemeanor, and, of course, a complaint charging a misdemeanor may be based upon information and belief. The affidavit under consideration in the Selowsky case was, to a large extent, based upon information and belief; and though the point was not expressly decided, these allegations were treated as sufficient. Though the practice is not an approved one, it would seem to follow from that case that an affidavit charging a contempt may be based on information and belief.

As the Brown case appears to be the latest expression of opinion on this question, and appears to give countenance to the use of affidavits based wholly on information and belief in the initiation of contempt proceedings, and as it seems to announce a rule which is so far in advance of that so studiously limited by the appellate courts in previous decisions, it becomes important to analyze the decision to be certain how far it may be followed as authority. The affidavit therein charged the accused with occupying certain premises and refusing to vacate after injunction requiring him to vacate. The decision cites the Selowsky case reported in 180 Cal., at page 404, and referring thereto makes this statement: ''The affidavit under consideration in the Selowsky case *was to a large extent* based upon information and belief, and though the point was not expressly decided, *these allegations were treated as sufficient.*'' (Italics ours.) With the italicized portion of this statement we find ourselves in disagreement, as the affidavit, which is fully set forth in the decision referred to, contains but two allegations which were based on belief, and the court therein expressly declared that the affidavit was sufficient without allegation of the facts attempted to be set forth on information and belief; and further, that any finding on that fact was unnecessary to the decision of the ultimate fact in issue and would have been out of place as being a recitation of purely evidentiary matter. The sufficiency of the affidavit in that case was sustained after conceding that there was no sufficient allegation of facts attempted to be alleged on information and belief. And exactly to the same effect, the District Court in the Third Appellate District had previously held, in the case of Selowsky (38 Cal. App. 569), as herein above

quoted, and which was cited on the point in the later Selowsky case. The next statement in this decision is: "Though the practice is not an approved one, it would seem to follow from that case that an affidavit charging a contempt may be based on information and belief." Having noted that the case referred to does not give approval to the use of affidavits based on information and belief in contempt cases, but that both the Supreme Court and District Court of Appeal of the Third District, in their several decisions on the same affidavit, conceded the insufficiency of such allegation in the affidavit and decided in each case that without such allegation the affidavit was still sufficient, we are confronted with the conclusion that the District Court of the First District misunderstood the effect of the Selowsky decision when it announced that "it would seem to follow from that case that an affidavit charging a contempt may be based on information and belief". Furthermore, while it is true that the rule has been established in this state that an affidavit charging commission of a contempt need not be more specific in its averments of facts constituting a contempt than a complaint charging a crime, still this rule does not include or imply the further rule that the affidavit stating such facts may be on information and belief, as is permitted in complaints in misdemeanor cases. As the apparently reluctant conclusion of the court in the Brown case was predicated on a misconception of the effect of the decision in the Selowsky case, we cannot accept the rule therein announced, though we do agree with that court in its opinion that the practice of using affidavits based on information and belief is not an approved one.

As was said in the case of *Gay* v. *Torrance, supra,* an affidavit made solely on information and belief is, ordinarily, unavailing for any purpose. Such affidavits, especially where no source of information is therein stated, are hearsay in so far as they attempt to convey any proof of the facts therein stated, and may amount to no more than mere recitation of public rumor or common gossip. To give countenance to a rule by which a member of society may be taken into custody or forced to trial on the basis of such an affidavit might lead to flagrant abuse of opportunities thereby afforded. Should such an affidavit be held sufficient to confer jurisdiction in the most meritorious and authentic case, under the same rule it must likewise be held sufficient

even though the affidavit was founded on pure gossip or public rumor. ▮ There is nothing in the language of section 1211 of the Code of Civil Procedure which requires a construction that one affiant must needs have all the essential facts within his own knowledge in order to supply the affidavit of facts constituting a contempt, but it is clearly susceptible to an interpretation which will permit the grouping of several affidavits, if necessary to embrace all essential facts, into one document or as a part of a master affidavit or verified petition, and thus constitute an affidavit of the facts.

While we recognize the tendency to classify constructive contempts prosecuted under the provisions of the Code of Civil Procedure along with misdemeanors prosecuted under the provisions of the Penal Code, we must at the same time recognize also that the former method of proceeding is summary in character and drastic in results, where guilt is adjudged; for therein no jury may be demanded and no appeal may be taken from the judgment entered, which, under the law, is final and conclusive (sec. 1222, Code Civ. Proc.), and may be reviewed only under the limited process of *certiorari* or *habeas corpus;* while in the latter proceeding the right to a jury trial exists, and appeal may be taken from the judgment.

For the reasons above stated, and in accordance with the intimated but unexpressed views of the courts in the cases above cited and quoted from, other than the Brown case, we are satisfied that an affidavit based wholly on information and belief, and without stating any authentic source of such information is not an affidavit of the facts prescribed by section 1211 of the Code of Civil Procedure and is insufficient as a basis of jurisdiction to support a warrant, or order to show cause or a judgment in a proceeding in constructive contempt. In this conclusion we find direct support in decisions of other state courts, wherein it has been held that an affidavit in contempt proceedings based on information and belief is not sufficient to confer jurisdiction. Such were the decisions in *State* v. *Gallup,* 1 Kan. App. 618 [42 Pac. 406] , *State* v. *Conn,* 37 Or. 596 [62 Pac. 289] , *Freeman* v. *City of Huron,* 8 S. D. 435 [66 N. W. 928] , *State* v. *Newton,* 16 N. D. 151 [112 N. W. 52, 14 Ann. Cas. 1035] , *Belangee* v. *State,* 97 Neb. 184 [149 N. W. 415], *Swart* v. *Kimball,* 43 Mich. 443 [5 N. W. 635] , *Early* v.

*People,* 117 Ill. App. 608, *Robertson* v. *State,* 20 Ala. App. 514 [104 So. 561] , *Ex parte Landry,* 65 Tex. Cr. Rep. 440 [144 S. W. 962], and *Russell* v. *Wayne Circuit Judge,* 136 Mich. 624 [99 N. W. 864].

The conclusion reached on this point renders it unnecessary to consider the other points presented.

The petitioner is discharged and his bail exonerated.

STEPHENS, P. J., Concurring.—I concur. In doing so it seems proper to mention that the subject-matter of this case involves some very important principles in the administration of justice. First, the right of the incorporated bar to combat the unethical practices of its own members and, secondly, the right of the court to protect its own reputation and preserve its powers. Of corresponding and even greater importance is the right of the individual to be free from legal proceedings founded only on hearsay upon which summary action may be had. In the instant proceeding full and earnest objection was made by the accused (petitioner herein) in answering the court's order to show cause. But the court overruled the objection and proceeded summarily to try the issue. No opportunity was accorded petitioner to test the court's jurisdiction by any proper writ from an appellate court and no appeal lay from the trial court's determination.

In these circumstances, I think the historic requirement that the substance of an alleged contempt must be positively averred should not be broken down by judicial decision. On the other hand, the facts show a scandalous manipulation of funds awarded by the court for the benefit of minors. Whether or not petitioner was involved in such manipulation, I do not intimate. It would seem, however, that the facts would admit of positive allegations should The State Bar be advised to take further action.

Crail, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was dismissed by the Supreme Court on January 17, 1935, on the ground of lack of jurisdiction.