DETERMINED IN THE

## SECOND DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1922.

## The People of the State of Illinois ex rel. Stella Shepley, Defendant in Error, v. William T. Nelson et al., Plaintiffs in Error.

### Gen. No. 6,966.

1. CONTEMPT—*necessity of alleging facts in petition to institute original proceeding.* A petition by a probation officer alleging that nonresidents of the county who were not parties to any action or proceeding pending therein had procured a dependent child who was under the custody of the petitioner to leave her immediate custodian, and that they refused to turn her over to the petitioner or inform the latter of the child's whereabouts, does not state facts sufficient to charge such nonresidents with contempt of the county court which had control of such child where it is not alleged that they knew that the child was dependent, that she was under the control of the county court or in the custody of the probation officer or that petitioner was the probation officer of such court, or that the person from whose immediate custody and control the child had departed had the right to her possession and control under such probation officer.

2. APPEAL AND ERROR—*sufficiency of assignment of error to question petition charging contempt.* The sufficiency of a petition to charge contempt of court in an original proceeding therefor is suffi-

ciently raised by assignments of error which raise in different ways the jurisdiction of the court, its error in entering judgment on a record showing no contempt, the insufficiency of the affidavit under which the proceeding was instituted, and want of due process of law.

3. APPEARANCES—*effect of voluntary submission to jurisdiction on defective pleading.* Nonresidents who were not parties to any pending proceeding who appeared in county court in an original contempt proceeding pursuant to citation therein, even though they thereby submitted themselves to the court's jurisdiction, cannot be punished for contempt where the only finding of fact in the judgment order against them is that they "are each guilty of contempt of court as charged in said petition," and the petition did not state any facts amounting to contempt.

Error to the County Court of Woodford county; the Hon. ARTHUR C. FORT, Judge, presiding. Heard in this court at the October term, 1921. Reversed with findings of fact. Opinion filed October 25, 1922.

ORMAN RIDGELY, W. H. FOSTER and BARNES, MAGOON & BLACK, for plaintiffs in error; WILLIAM D. HEISE, of counsel.

ERNEST J. HENDERSON, for defendant in error.

MR. PRESIDING JUSTICE JONES delivered the opinion of the court.

On October 6, 1919, in the matter of Lorene Sleigh, a dependent child, Mrs. Stella Shepley, probation officer of Woodford county, filed a petition verified by affidavit in the county court of Woodford county for a rule on Tillie Bostrum, Albert Adams and William T. Nelson, of Cook county, to show cause why they were not in contempt of court. Such a rule was entered and was served upon said three parties by copy by the sheriff of Cook county. On October 13, 1919, said parties appeared and said respondents moved the court that said rule against them be vacated and set aside. That motion was heard and denied. Said respondents then answered orally, denying the allega-

tions of the petition. The cause was heard and each of said respondents was found guilty of contempt as charged in said petition. Tillie Bostrum and Albert Adams were fined $100 and adjudged to pay one-third of the costs and were ordered committed to jail for ten days and to remain in jail until the fine and costs were paid. William T. Nelson was fined $250 and one-third of the costs and was sentenced to imprisonment in jail for thirty days and until the fine and costs were paid. The respondents prayed an appeal from said judgment to the circuit court of Woodford county and the same was allowed, upon their filing an appeal bond in the penal sum of $2,500, within twenty days. Afterwards the judgment against Tillie Bostrum was vacated and she was discharged. The other respondents perfected their appeal. It appears by a later order of the county court that the circuit court refused to take jurisdiction of said appeal and directed that the files be returned to the clerk of the county court. Thereafter, in May, 1921, the respondents sued out a writ of error from this court to the county court to review said proceedings. We affirmed the judgment and afterwards granted a rehearing. On further consideration we conclude that the legal principles we stated in our former opinion are not applicable to this record.

The contempt cases most discussed by the courts of review in this State are for violating injunctions where the persons alleged to be in contempt were parties to the suit and already in court and subject to the jurisdiction of the court before the acts alleged to be a contempt had been committed. In this case the persons alleged to have been guilty of contempt lived in Chicago and were not parties to any suit or proceeding in the county court of Woodford county. They were brought into this proceeding by a petition filed by the probation officer of Woodford county. Of such a proceeding it was said in *Hake v. People,* 230 Ill. 174,

on p. 185: "If the contempt proceeding had been an original action instituted for the purpose of punishing a contempt which did not arise in connection with a pending cause, the pleading and order would necessarily have to contain a statement of all the facts constituting the contempt." Of a like independent proceeding in *Early v. People,* 117 Ill. App. 608, it was said, on p. 616: '"Decker's petition for the attachment is the beginning of this case. That petition is in the nature of an indictment or an information. It should be certain in every essential particular; no intendments are to be indulged in for its support. It ought, upon its face, to state such facts as make a case of criminal contempt against the defendants." We think these rules applicable to this case and that the petition of the probation officer which originated the proceeding as against plaintiffs in error is to be treated as a pleading against the plaintiffs in error and that it must necessarily contain all the facts constituting the contempt, and if no contempt is charged in the said petition, then it did not confer jurisdiction upon the county court of Woodford county to require defendant in error to answer to the charge. The petition is by Stella Shepley, probation officer of the county court of Woodford county. It states that Lorene Sleigh is a dependent child, placed in the custody of said probation officer by said county court with directions to place her in a private home; that she was placed in the home of L. H. North, El Paso, Illinois; that said North was given permission to take said child with his family to Cook county temporarily, and that while said child was under the care of said probation officer by said North and family in Cook county, Illinois, and while the order of said court concerning said child was in full force, plaintiffs in error aided and counseled said child to leave said North and family and not return to them nor to said probation officer, and under their aid and counsel she left said North

and family and plaintiffs in error refused to turn her over to said probation officer or to inform said probation officer where said child was, and still refuse so to do, after said probation officer had made demand on them to do so. There is no allegation in said petition that plaintiffs in error knew that Lorene Sleigh was a dependent child or that she was under the control of the county court of Woodford county or that plaintiffs in error knew that Mrs. Shepley was the probation officer of the county court of Woodford county; nor is it stated that plaintiffs in error had control over said child or could have turned her over to said probation officer if they had desired to do so or that plaintiffs in error knew where said child was; nor is any fact stated which tended to show that plaintiffs in error owed any duty to any one to give information to Mrs. Shepley or to any one where said child was. It is argued by plaintiffs in error that the jurisdiction of the county court of Woodford county and of the probation officer did not extend to Cook county and could not be exercised there, but, disregarding that contention, we think it clear that plaintiffs in error, in order to have been guilty of contempt of court, must have known that Lorene Sleigh was a dependent child, over whom the county court of Woodford county had jurisdiction through a probation officer, and that Mrs. Shepley was such probation officer, and must have known that North, under the proceedings in Woodford county, had the right to the possession and control of said child. We are of opinion that this petition did not charge plaintiffs in error with a contempt of court.

Defendants in error say that the sufficiency of said petition is not raised by the assignment of errors. There are eighteen assignments of error. The 10th is that the court erred in assuming jurisdiction of plaintiffs in error and citing them to show cause why they should not be punished for contempt of court. The 11th says the court was without jurisdiction to enter

any judgment for alleged contempt of court against plaintiffs in error. No. 12 assigns that the court erred in entering any judgment against plaintiffs in error because the record shows there was no contempt of court by plaintiffs in error. No. 13 says the court erred in fining and imprisoning plaintiffs in error because of anything alleged to have been done by them in the affidavit of Stella Shepley on which this proceeding is instituted. No. 14 charges error in assuming jurisdiction against plaintiffs in error under said affidavit of Stella Shepley. No. 15 charges error in entering judgment against plaintiffs in error for the alleged contempt of court charged in the petition of Stella Shepley under which this proceeding was instituted, and No. 19 charged error in entering judgment against plaintiffs in error without due process of law. We regard the assignments as amply sufficient to raise the question of the sufficiency of said petition or affidavit.

Defendants in error say that, even if this be true, still plaintiffs in error did appear in the county court of Woodford county pursuant to a citation therefrom served upon them and thereby submitted themselves to the jurisdiction of the county court. Even if that position be sound, the only finding of fact against plaintiffs in error in the judgment order here sought to be reviewed is that plaintiffs in error "are each guilty of contempt of court as charged in said petition." There was no other finding of facts against plaintiffs in error in the final judgment except that above quoted. As the petition did not state any facts which amounted to a contempt of court, the judgment did not find them guilty of any acts which amounted to a contempt of court. The judgment is therefore void.

The judgment is reversed.

*Reversed with findings of fact.*

Findings to be incorporated in the judgment. We

find that the petition of Mrs. Stella Shepley, which was the origin of this proceeding against plaintiffs in error, did not state any fact showing plaintiffs in error had committed a contempt of court against the county court of Woodford county and that the judgment of said court did not find any fact or act committed by plaintiffs in error or any omission of duty by them which amounted to a contempt of court, and that said proceedings were without authority of law and that said judgment is void.